## UNITED RADIO, Inc v J. C. COTTON

Ohio Appeals, 1st Dist, Hamilton Co

No 5454. Decided November 7, 1938

Hyman B. Rosen, Cincinnati and Joseph M. Rheins, Cincinnati, for appellee.

Landon L. Forchheimer, for appellant.

424

## OPINION

By MATTHEWS, J.

The appellant was engaged in conducting a collection agency, under the name of Provident Credit Company. He entered into an agreement in writing with the appellee, as follows:

"PROVIDENT CREDIT CO., agrees to handle collection items for the undersigned upon the following terms and conditions:

Rates:     No Collection — No Charge.
Accounts over $10.00 — 25%
Accounts under $10.00 — 50%

WHEN COLLECTION is made by negotiation of a loan for the debtor or through a magistrate or attorney-at-law (as hereinafter provided) or by installment payments, and on the first aggregate of $100.00 or part thereof collected, the charge is 50%.

COMMISSION is charged upon payments made to either creditor or company or upon acceptance by creditor of a new obligation in place of old, or when further service is ordered stopped, before cancellation by the company. Failure of creditor to co-operate promptly and report payments made shall be considered service ordered stopped.

NO FILING CHARGE is to be allowed the company, but when incorrect addresses are furnished it, a tracing charge of 50c shall be made which shall be considered service ordered stopped.

REPORTS: Creditor shall report to the company all payments made to them at once. The company will report in accordance herewith upon written request.

LOANS: If the company deems it desirable to negotiate a loan for the debtor to accelerate or facilitate collection of any account, it may do so and retain proceeds thereof, until same is fully paid.

NO LEGAL SERVICE: This company does not practice law, but if debtor refuses to pay without suit, will at creditor's request, co-operate with an attorney-at-law; giving him all facts and information obtained, which may assist him to proceed as he and creditor deem advisable.

ALTERATIONS of this contract shall not be made whether verbally or in writing.
PROVIDENT CREDIT CO.
Dated 7/17/35    By C. R. Avers, Agt.

I HEREBY CERTIFY: That the claims placed with said company for collection herewith are just, unpaid and legally due me, and in consideration of the above service to be rendered by the Provident Credit Co., hereby assign said claims to said company with full power to collect, adjust, settle and compound same and to act as my attorney-in-fact, for me, and in my stead.
UNITED RADIO, Inc.,
Client's Name.
A. L. YAEGERMAN,
Official Who Signs."

After this agreement was entered into, fifty-six claims were placed in his hands for collection. All or part of some of these claims were collected, and this action is for an accounting, and an injunction to restrain the appellant from continuing to assume to act as its agent; the appellee having revoked his authority so to do.

During the time that the appellant was endeavoring to collect these claims, he had in his employ a duly licensed attorney, whom he paid a salary. Suits were filed on four of these claims. This attorney filed the actions and was the plaintiff's attorney of record in them. The plaintiff (appellee herein) executed the bill of particulars in each of them, and, or course, authorized the actions. The attorney made no charge for his services against his client of record. These services came within the terms of his contract of employment by the appellant, for which his salary was compensation.

The action was to recover judgment for the full amount collected, for an accounting and an injunction restraining the defendant from continuing to hold himself out as authorized to collect on the claims assigned to him.

It is manifest that the appellant did not agree to pursue any particular method in endeavoring to collect these claims. The instrument purports to confer power upon him. It imposes no duty upon him to file suit or to secure the services of an attorney at law. He was free to exercise his own discretion. His compensation was dependent on one thing—collection. It was a contract providing for a contingent fee.

The appellant filed a cross-petition, in which he claimed a balance based on tracing charges and commissions on claims uncollected when appellee directed appellant to discontinue service.

The trial court held that the furnishing of legal services by the appellant through an attorney at law was unauthorized practice of the law by the appellant and, therefore, unlawful, but that the transaction was separable and that the appellant was entitled to a commission upon the amount collected through means other than the institution of law suits. Upon this

basis the court found that after deducting such commission the appellant owed the appellee $100.00 for which judgment was rendered and an injunction issued restraining appellant from making any further collections as appellee's assignee.

We believe the court was right in holding that the illegality in this transaction did not bar all relief. We base this conclusion on our construction of the writing that the appellant did not bind himself to perform any unlawful act. He could have fully performed all the express and implied obligations imposed on him by his contract without furnishing the services of any attorney at law. In other words, his contract with the appellee did not require him to engage in the practice of law. In **Restatement of Law of Contracts, §603,** the rule deduced from the cases is stated in this language:

"A bargain that is illegal only because of a promise or a provision for a condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion by a party to the bargain who is not guilty of serious moral turpitude unless this result is prohibited by statute. Recovery is more readily allowed where there has been part performance of the legal portion of the bargain."

The fact that he did engage in some instances in the practice of law by furnishing an attorney at law, at his  own expense, under the hope of reimbursement through a larger commission in the event of a collection, does not affect the construction of the instrument. His unlawful conduct in engaging in the unauthorized practice of law did not therefore make the entire transaction unlawful ab initio, but only affected that part of the transaction in connection with which it was related.

It remains to be determined what the rights of the parties are under this contract which was being performed in part in an unlawful manner.

It is claimed by the appellant that inasmuch as the appellee ordered him to stop collecting, he is entitled to 50% of all uncollected accounts. We do not believe this is a permissible theory. The appellant was the agent of the appellee and had so performed his agency as to involve the principal in conduct contrary to public policy. and, therefore, unlawful conduct. Under such circumstances, the principal is justi-

fied in rescinding the employment and discharging the agent. This rule is stated in **§380 of Restatement of the Law of Agency:**

"Unless otherwise agreed, an agent is subject to a duty not to conduct himself with such impropriety that he brings disrepute upon the principal or upon the business in which he is engaged. If the service involves personal relations, he has a duty not to act in such a way as to make continued friendly relations with the principal impossible."

The principal being justified in terminating the relation, the agent can not predicate an enlargement of his rights upon it.

The appellant is entitled to a credit of 50c for tracing any debtor, whose address was incorrectly given by the appellee.

Applying these principles to the facts in this case, we find that it produces a balance in favor of the appellee slightly in excess of the amount for which judgment was rendered. There is, therefore, no prejudicial error in the record.

The judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.