In re Unauthorized Practice of Law in Cuyahoga County:
In re Incorporated Consultants and Lewis Klivans,
Respondents.

[Cite as In re Incorporated Consultants, 6 Ohio Misc. 143.]

(No. 722206A—Decided December 22, 1965.)

Injunction:   Cuyahoga County Common Pleas Court.

*Mr. Charles C. Redmond,* for court committee.
*Mr. Leonard P. Gilbert,* for respondents.

McMahon, J. .This matter is here upon the application of the committee appointed by this court to investigate the unauthorized practice of law in Cuyahoga County, Ohio, to enjoin respondents Incorporated Consultants and Lewis O. Klivans from engaging in the practice of law. The court finds that the respondent Incorporated Consultants is a corporation duly organized, existing and authorized to do business in the state of Ohio, with its principal place of business located in the city of Cleveland, Ohio; that the respondent Lewis O. Klivans is president and acting manager of the respondent Incorporated Consultants; that the respondent Lewis O. Klivans owns all the stock of the respondent Incorporated Consultants; that

the respondent Lewis O. Klivans is not an attorney at law and has not been licensed to practice law in the state of Ohio.

The court further finds that the respondents herein have solicited owners of promissory notes and of accounts receivable to enter into contracts with the respondent Incorporated Consultants whereby the owners of such promissory notes and accounts receivable agree to assign, transfer, turn over and to sell such promissory notes and accounts receivable to the respondent Incorporated Consultants; that the respondent Incorporated Consultants agreed to pay the owners of such promissory notes and accounts receivable as follows:

(a) In instances where monies would be collected on promissory notes and accounts receivable, where no court action by attorneys for the respondent Incorporated Consultants were had, a certain percentage of the amounts collected.

(b) In instances where monies would be collected on promissory notes and accounts receivable, where court actions were instituted by attorneys for the respondent Incorporated Consultants, a smaller percentage of the amounts collected.

(c) In instances where no monies would be collected, no compensation would be paid.

The court finds that while said contracts, attached hereto and marked Exhibits A and B, purported to provide for the purchase by the respondent Incorporated Consultants of promissory notes and accounts receivable, said contracts, in fact, did not provide for the purchase by the respondents, or either of them, of promissory notes and accounts receivable so as to transfer ownership of said items to either of them.

The court finds that said contracts are insufficient to effectuate such purpose and hereby enjoins the respondents from entering into any further contracts which employ the respondents, or either of them, to perform acts or to render services which constitute the practice of law.

The court further finds that pursuant to the provisions of said contracts, the respondents solicited and induced many owners of promissory notes and accounts receivable to go through the motions of endorsing great numbers of promissory notes and assigning great numbers of accounts receivable to the respondent Incorporated Consultants for the purpose of filing suits in its own name; that said purported endorsements of said

promissory notes and said purported assignments of said accounts receivable to the respondent, Incorporated Consultants, are insufficient to effectuate such purpose; that the respondents cause said purported endorsements and assignments to be made to create the illusion that the respondent Incorporated Consultants purchased said promissory notes and accounts receivable and is the owner of same; that said purported endorsements and assignments do not pass title to said promissory notes or accounts receivable to the respondent Incorporated Consultants.

The court further enjoins the respondents from soliciting or accepting endorsements of promissory notes and assignments of accounts receivable upon the terms set forth in said contracts for the purposes set forth in said contracts.

The court further finds that by virtue of the provisions of said contracts and by virtue of the purported endorsements of said promissory notes and the purported assignments of said promissory notes, the respondents made the following representations, to wit:

1. The respondents represented to the owners of promissory notes and accounts receivable, that by virtue of endorsements of promissory notes and assignments of accounts receivable to the respondent Incorporated Consultants on the terms set forth in said contracts and for the purposes set forth in said contracts, the respondent Incorporated Consultants could perform acts and render services which this court finds constitute the practice of law with respect to such promissory notes and accounts receivable.

2. The respondents represented to persons alleged by them to be liable for the payment of said promissory notes and accounts receivable, that the respondent Incorporated Consultants was the owner of said promissory notes and accounts receivable, and that if payment of the amounts alleged to be due on said promissory notes and accounts receivable were not made to the respondent, Incorporated Consultants, it would perform acts and render services to enforce payment of same, which this court finds constitutes the practice of law.

3. The respondents represented to courts that the respondent Incorporated Consultants was the owner of said promissory notes and accounts receivable and thereby obtained judgments on said promissory notes and said accounts receivable in favor

of the respondent Incorporated Consultants and to issue further orders, including attachments, executions, aids in execution and certificates of judgment for lien in favor of the respondent Incorporated Consultants.

The court finds that the foregoing representations should not have been made and hereby enjoins the respondents from making any of the above described representations predicated upon purported assignments where there is no transfer of ownership.

The court further finds that in connection with the promissory notes which were purportedly sold to the respondent Incorporated Consultants but which the court hereby finds were actually delivered to the respondent Incorporated Consultants for collection; and that in connection with the accounts receivable which were purportedly assigned and sold to the respondent Incorporated Consultants but which the court hereby finds were actually delivered to the respondent Incorporated Consultants for collection, both of which notes and accounts receivable were pursuant to agreements with its customers as evidenced by said Exhibits A and B, the respondents performed the following acts and rendered the following services which constitute the practice of law when performed and rendered by attorneys at law and which constitute the unauthorized practice of law when performed and rendered by persons not licensed to practice law and by corporations, to wit:

1. The respondents prepared and caused to be prepared statutory demands and caused them to be delivered to persons alleged to be liable for the payment of such promissory notes and accounts receivable.

2. The respondents prepared and caused to be prepared Military Affidavits in connection with such promissory notes and accounts receivable and caused them to be filed in various courts.

3. The respondents employed, furnished and recommended, attorneys at law to render legal services to the owners of said promissory notes and accounts receivable.

4. The respondents prepared and caused to be prepared and filed in various courts petitions against persons alleged to be liable for payment of such promissory notes and accounts receivable.

5. The respondents prepared and caused to be prepared and filed in various courts affidavits in attachment against persons alleged to be liable for the payment of such promissory notes and accounts receivable.

6. The respondents prepared and caused to be prepared and filed in various courts aids in execution against persons against whom judgments were rendered on such promissory notes and accounts receivable.

7. The respondents prepared and caused to be filed in various courts precipes for levies against persons against whom judgments were rendered upon such promissory notes and accounts receivable.

8. The respondents prepared and caused to be prepared and filed in various courts certificates of judgment for liens against persons against whom judgments were rendered on such promissory notes and accounts receivable.

9. The respondents delivered and caused to be delivered to persons whom they allege to be liable for payment of such promissory notes and accounts receivable, verbal and written communications which are so worded as to lead such alleged debtors to believe that if such debtors did not pay the liabilities so alleged to be due from them, processes of courts would be used to enforce payment; that among the processes of courts which the respondents threatened would be used were the rendition of judgments, the garnishment of wages, the attachment of monies and property, the levying on personal property and real estate, the judicial sale of personal property and real estate levied upon, and the placing of liens on real estate.

The court hereby enjoins the respondents from performing any of the acts and rendering any of the services enumerated in the preceding paragraphs numbered 1 to 9, inclusive, in connection with promissory notes purportedly purchased by the respondent Incorporated Consultants in connection with accounts receivable purportedly assigned to and purchased by the respondent Incorporated Consultants and in connection with promissory notes and accounts receivable delivered to the respondents for collection.

The court finds that all outstanding and unsatisfied judgments that have been obtained by respondent Incorporated Consultants, under the aforementioned purported assignments up

to the present date, have recently been paid for in full by said respondent as evidenced by the affidavit of the respondent Lewis O. Klivans which is attached hereto and marked Exhibit C; and that by reason thereof, said outstanding and unsatisfied judgments are now the property of the respondent Incorporated Consultants.

The court further finds that the respondents engaged in the following unauthorized acts, to wit:

(a) The respondents acted as intermediaries in the relationship between attorneys and clients.

(b) The respondents interfered with and intermeddled in the relationship between attorneys and clients.

(c) The respondents exploited and controlled the services rendered by attorneys to clients.

(d) The respondents engaged in the unauthorized practice of law.

The court hereby enjoins the respondents from engaging in any of the acts enumerated in the preceding paragraphs lettered (a) to (d), inclusive.

It is further ordered that respondents be and they are hereby enjoined from doing any of the aforementioned acts under a colorable assignment wherein there is still vested in the assignor a contingent interest in the account receivable or promissory note so assigned; that such aforementioned acts include, but are not limited to: filing suits in their own respective names; employing, furnishing and/or recommending attorneys at law to third persons to render legal services on their behalf; preparing and/or forwarding to debtors statutory demands, military affidavits and/or other simulated legal documents to debtors; threatening debtors, directly or indirectly, with litigation or with payment of court cost or otherwise surrendering the claim to an attorney at law; preparing and/or filing pleadings and all other court processes. Costs assessed against respondents.

*Judgment accordingly.*

Exhibit "A"
PURCHASE and SALE
AGREEMENT

In consideration of one dollar and other consideration herein designated, it is mutually agreed between the undersigned

SELLER, and BUYER, that the said SELLER will at various times and on different occasions, assign, transfer, turn over to and sell accounts receivable and/or cognovit notes to the said BUYER, who will pay for the said accounts and notes, amounts and consideration as follows:

Seventy-five (75) per cent of all moneys received by the Buyer on the balances as recorded on any accounts or notes, if no court action by their attorneys or trace service is necessary.

Sixty-five (65) per cent of all moneys received by the Buyer on the balances as recorded on any such accounts or notes, after any court costs advanced by the Buyer have been deducted if and when court action has been instituted by their attorneys, should no tracing be necessary.

Fifty (50) per cent of all moneys received by the Buyer on the balances as recorded on any such accounts or notes, after advanced court costs have been deducted if and when court action has been instituted by their attorneys, if it has been necessary to trace the account to a new address or a new employment, or if the account or note is under $25.00, or if the account or note has no payment credited to it during the 12 months previous to the date of transfer to the Buyer.

It is further agreed that in the event an account or note, has once been sold or assigned to the Buyer, and money is received by the Seller at its office on any account or note sold to the Buyer, the Seller will remit and pay over to the Buyer 50%, 35% or 25% of such money, the amount depending upon the account's classification as aforementioned. The Seller hereby appoints any officer of the Buyer's Corporation his assignee with authority to endorse his name to any check or order received by the Buyer in payment on any account or note, should that payment be payable to the Seller. The amount of the account or note assigned the Seller shall be considered to be the balance as recorded, and any time-payment fees or interest that might be received by the Buyer in excess of the balance as recorded, shall be retained by the Buyer, but only after the purchase price of the recorded balance shall have been paid to the Seller.

The Buyer does further agree that:

    a—at no time will there be any charges or costs assessed the Seller to reduce the value or amount due on any account or note sold them.

b—the Seller shall not be liable for any costs or expense incurred by the Buyer in connection with any account or note assigned.

c—it will send monthly to the Seller, a check for the amount due in accordance with the agreement outlined above, this check to apply on the purchase price of the accounts on which payments had been received during the previous month. The check will be accompanied by an accounting setting forth the name and number of each account with the amount that was received by the Buyer to prove that the amount paid to the Seller is in balance.

In witness whereof the parties have hereunto set their hand this 24th day of January, 1958.

SELLER /s/ Michael Klein, M. D.

Dr. Michael Klein

BUYER

INCORPORATED CONSULTANTS

By /s/ L. O. Klivans

L. O. Klivans, President

Incorporated Consultants
1010 Euclid Building, Suite 201
Cleveland 15, Ohio
MAin 1-2642

EXHIBIT "B"

CONTRACT

It is mutually agreed between the undersigned parties, The Mount Sinai Hospital of Cleveland, the SELLER, and Incorporated Consultants, the BUYER, that the said Seller will at various times and on different occasions, assign, transfer, turn over to and sell accounts receivable and cognovit notes, to the said Buyer, who will pay for the said accounts and notes, amounts and consideration as outlined as follows:

Fifty (50) percent of all monies received by the Buyer on the balances as recorded on any such accounts, notes, etc., after court costs advanced by the Buyer have been deducted, if and when court action has been instituted by the Buyer's attorneys.

It is further agreed that in the event an account, note, etc., has once been sold or assigned to the Buyer, and money is received by the Seller at its office, on any account or note sold to

the Buyer, the Seller will remit and pay over to the Buyer 50% of such money received.

The Buyer does further agree that

a—at no time will there be any charges or costs assessed the Seller to reduce the value or amount due on any account or note sold them.

b—the Seller shall not be liable for any costs or expense incurred by the Buyer in connection with any account assigned.

c—it will furnish monthly to the Seller a report on which will be listed all monies due the Seller on the accounts, notes, etc., from the money received in the preceding month, in accordance with the agreement outlined above.

d—the report will be accompanied by a check for the amount due the Seller according to the report.

In witness whereof the parties have hereunto set their hands this 14 day of Feb., 1958.

THE MOUNT SINAI HOSPITAL of Cleveland
By /s/ A. C. O'Connor, Asst. Director
INCORPORATED CONSULTANTS
By /s/ L. O. Klivans, President

Exhibit "C"
AFFIDAVIT

STATE OF OHIO
CUYAHOGA COUNTY, ss

LEWIS O. KLIVANS, being first duly sworn according to law, deposes and states that he is the President of INCORPORATED CONSULTANTS, a corporation, organized and existing under the laws of the State of Ohio; that he has conducted a search through his records and that the results of said search indicate that the assignors of all claims which have been reduced to judgment by INCORPORATED CONSULTANTS in actions brought throughout the various courts of Cuyahoga County by it, as assignee suing in its own name, have been and are presently paid, vesting complete ownership of said judgments in the affiant, INCORPORATED CONSULTANTS.

/s/ Lewis O. Klivans
LEWIS O. KLIVANS

152

Sworn to before me and subscribed in my presence this 22nd day of December, 1965.
(SEAL)

/s/ Leonard P. Gilbert
LEONARD P. GILBERT, Attorney At Law—Notary Public—State of Ohio
My commission has no expiration date, Section 147.03, R. C.