AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 1045, APPELLANT, *v.* POLTA ET AL., APPELLEES. ▮

(No. E-76-49—Decided April 22, 1977.)

*Mr. Merritt W. Green, III* and *Mr. Gerald B. Lackey,* for appellant.

*Mr. William E. Didelius,* for appellees.

BROWN, J. Plaintiff, American Federation of State, County and Municipal Employees, Local 1045, appeals from a final judgment granting summary judgment in favor of defendants, Kenneth Polta, Erie County engineer, and the Erie County Commissioners. Plaintiff's complaint alleged a breach by defendants of a written collective bargaining agreement between the plaintiff labor union and the defendants in their official capacity covering employees of the Erie County Highway Department. Such employees worked in the department operated by the Erie County Engineer.

Plaintiff's amended complaint sought specific performance of the collective bargaining agreement primarily with reference to contractual provisions pertaining to wage increases and cost of living adjustments.

The answer of defendants and their motion for summary judgment advances a denial that any of the defendants, individually or collectively, ever executed a written collective bargaining agreement or that they ever made an oral agreement with defendants concerning county employees. Plaintiffs, by evidentiary material filed, tried to show that the Erie County Engineer, Kenneth Polta, had executed a binding collective bargaining agreement with plaintiff. No evidentiary material was filed that the Erie County Commissioners ever negotiated or executed a collective bargaining agreement with plaintiff.

The summary judgment in favor of defendants, and the five assignments of error asserted by plaintiff, raised primarily the following two legal questions.

1. Does a county engineer have legal authority and power to execute and be bound by a collective bargaining agreement between a labor union covering the county employees of his department?

2. Did the Erie County Engineer execute a collective bargaining agreement with the Labor Union, Local 1045?

Both legal questions must be answered "no." Therefore, we affirm the summary judgment for defendants.

A county engineer does not have power or authority to execute a collective bargaining agreement with a labor union representing county employees pertaining to the matter of wages, hours, or other conditions of employment for employees working in his department. In the absence of statutory authority for a county engineer to enter into or bind the county to a collective bargaining agreement, the county engineer has no authority to bind his office or the county to such an agreement.

The foregoing conclusions are fortified by the following judicial precedent and related statutes. The office of the county engineer is a creature of statute. The holder of such office has only such powers and duties as are expressly given to him by statute, or as are naturally and necessarily implied from the language of the statute. 14 Ohio Jurisprudence 2d 238, Counties, Section 52. It is the province of the board of county commissioners to make contracts for the county, and no other officer can bind the

county by contract, unless by reason of some express provision of law. 14 Ohio Jurisprudence 2d 369, Counties, Section 221.

The statutory framework for the fixing of wages for county employees, R. C. 325.17,[1] and the restriction placed upon county officers in that regard, added to the statutory power granted county commissioners to provide annual appropriations for each county office, department or division, R. C. 5705.38,[2] negates any power or authority in the county engineer to enter into a collective bargaining agreement providing for future wages or conditions of employment for employees serving in the county engineer's department. *Burkholder* v. *Lauber* (1965), 6 Ohio Misc. 152.

The cases of *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, and *Civil Service Personnel Assn.* v. *Akron* (1976), 48 Ohio St. 2d 25, upon which plaintiff relied are inapposite. The *Dayton* case, *supra*, recognizes the power of the board of education to enter into a valid collective bargaining agreement with a labor union because R. C. 3313.47 grants power to the board of education to manage and control public schools; R. C. 3313.17 gives power to boards of education to contract; and R. C. 3319.08 requires boards of education to enter into written contracts for the employment and reemployment of teachers. *See also* R. C. 3313.20, requiring a board of education to "make such rules and regulations that are necessary for its government and the government of its employees * * *." On this statutory predicate, the Ohio Supreme Court in the *Dayton Teachers* case held that a board of education is vested with discretionary authority to negotiate and to enter into a collective bargaining agreement

---

[1] "The officers mentioned in Section 325.27 of the Revised Code may appoint and employ the necessary deputies, assistants, clerks, bookkeepers, or other employees for their respective offices, fix the compensation of such employees and discharge them, and shall file certificates of such action with the county auditor. *Such compensation shall not exceed, in the aggregate, for each office, the amount fixed by the board of county commissioners for such office.* * * *" (Emphasis added.)

[2] "Appropriation measures shall be classified so as to separately set forth the amounts appropriated for each office, department and division, and, within each, the amount appropriated for personal services; * * *."

with its employees. There is no parallel statutory authority giving a county engineer the power and authority to execute a collective bargaining agreement as there is for a board of education.

On the second legal question raised, the evidentiary material filed reveals that the parties never executed a binding collective bargaining agreement.

First, the written agreement attached to the amended complaint and considered on the motion for summary judgment was never signed by the county engineer or any other county official, and the county engineer testified he never entered into an agreement with the union.

Second, the alleged written agreement concerns wage rates in effect during November 1, 1970, to May 1, 1971, and did not provide for wage rates for the period sought to be enforced by the complaint, namely, for January 1, 1974, and thereafter.

Third, the county engineer's testimony is uncontradicted that he never intended to enter into the collective bargaining agreement proposed by plaintiff because of his reliance upon legal advice of his official legal advisor.

Fourth, a provision of the proposed collective bargaining agreement itself prevents it from being operative, effective or binding by reason of the absence of the county engineer's signature. This provision states as follows:

"The signing of this Agreement by the authorized representatives of the Union and the County Engineer shall constitute the effective date of this Agreement."

The evidentiary material, on which reasonable minds cannot differ, discloses that no collective bargaining agreement was executed by the defendant county engineer with the plaintiff. Therefore, the summary judgment in favor of the defendants was properly granted by the trial court.

*Judgment affirmed.*

POTTER, P. J., and CONNORS, J., concur.