**MED CONTROLS, INC., Appellant,**

v.

**HOPKINS et al., Appellees.**

[Cite as *Med Controls, Inc. v. Hopkins* (1989), 61 Ohio App.3d 497.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55023.

Decided Feb. 21, 1989.

*Thomas L. Meros,* for appellant.

*Kathryn K. Vanderwist,* for appellees.

PATTON, Presiding Judge.

Plaintiff-appellant, Med Controls, Inc., a collection agency, appeals from a summary judgment rendered in favor of defendants-appellees Euclid Clinic Foundation et al. ("ECF"), a medical clinic that entered into an exclusive contract with Med Controls for collection of ECF's overdue accounts. The sole issue is whether the trial court correctly rendered summary judgment when it determined that the contract was unenforceable since it authorized Med Controls to engage in the practice of law while collecting on the overdue accounts.

The contract between Med Controls and ECF states in relevant part:

"ITEM III—DUTIES OF THE AGENT

" * * *

"The Agency will, upon request of the Clinic, or upon its own initiative, institute legal action, when in its discretion such action is required, and so as to collect specific accounts receivable. However, it is specifically understood, that the Agency will employ counsel of their own and separate choosing, and shall be responsible for the payment of any and all legal fees incident to said retention. * * *

"It is further understood and agreed that the Clinic hereby authorizes the Agency to undertake whatever legal action is necessary for the collection of said accounts, and that the Clinic will join with or do whatever other acts are necessary so as to provide for a propriety in parties in interest with reference to the bringing of any action for the collection of an account receivable so assigned to the Agency."

During the three-year term of the contract, Med Controls received compensation depending on how it collected an overdue account. If funds were

collected without litigation, those funds were paid by the debtor directly to ECF and Med Controls received a twenty percent commission. If litigation were required, Med Controls would receive the funds directly from the debtor and would be entitled to a thirty-five percent commission.

■ Contracts in which collection agencies are allowed to prosecute claims before a court of justice on behalf of creditors are generally unenforceable since they authorize a collection agency to practice law. *Public Serv. Traffic Bureau, Inc. v. Haworth Marble Co.* (1931), 40 Ohio App. 255, 178 N.E. 703; *United Radio, Inc. v. Cotton* (1938), 61 Ohio App. 247, 14 O.O. 214, 22 N.E.2d 532; *In re Incorporated Consultants* (C.P.1965), 6 Ohio Misc. 143, 35 O.O.2d 280, 216 N.E.2d 912. The collection agency practices law by interposing itself as an intermediary between a licensed attorney and a client. In effect, the collection agency becomes the client of the attorney when it is not. This creates an absence of the attorney-client relationship that diverts the interest of the attorney from the entity whose real interests are at stake in the proceedings, thereby giving rise to a possible conflict of interest. See Case Comment, Legal Ethics: Unauthorized Practice of Law by Collection Agencies (1968), 52 Minn.L.Rev. 1300, 1301; see, also, Annotation, Operations of Collection Agency as Unauthorized Practice of Law (1967), 27 A.L.R.3d 1152.

In this case, Med Controls' contract gave it discretion to institute legal action on its own initiative. Moreover, Med Controls had sole authority to "employ counsel of their own and separate choosing" and was "responsible for the payment of any and all legal fees incident to said retention." Clearly, the contract authorized Med Controls to retain such a degree of control over an attorney prosecuting ECF's claims, that it violated ECF's attorney-client relationship. In effect, ECF, the real party in interest, had no control over its own attorney since Med Controls was responsible for hiring and paying the attorney. The law in this state is clear that this contract is unenforceable as a matter of law since it violates public policy. *Public Serv. Traffic Bureau, Inc., supra.*

■ Med Controls argues that a material issue of fact exists as to whether Med Controls was an independent contractor or an agent of ECF. The apparent import of this argument is that the past course of conduct under the contract showed that ECF retained a sufficient degree of control to protect its attorney-client interests. In support of this argument, Med Controls cites affidavits from two of its employees that state: (1) ECF retained and exercised the right to control Med Controls' choice of attorney, and (2) ECF retained a right of approval over each case litigated by Med Controls.

As stated before, the contract in question is unenforceable since it violates public policy. The clear and unambiguous language of the contract gives ECF

no authority to control Med Controls' choice of attorney or exercise a right of approval over each case to be litigated. Construing the affidavits in the light most favorable to Med Controls does not create a question of agency or status as an independent contractor. The reason for this conclusion is that Med Controls sought to enforce the contract. The contract itself authorizes conduct on Med Controls' part that is prohibited. Past conduct beyond that authorized by the contract is irrelevant for purposes of enforcement. Hence, we find that Med Controls' affidavits do not create issues of material fact that would foreclose summary judgment. The assigned error is overruled.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

JOHN V. CORRIGAN and FRANCIS E. SWEENEY, JJ., concur.