NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE—SPECIAL CONTRIBUTION FUND, Plaintiff,

v.

**Nathaniel R. JONES, Defendant.**

**No. C89–1130.**

United States District Court, N.D. Ohio, E.D.

July 19, 1990.

George L. Saunders, Sidley & Austin, Chicago, Ill., Louis C. Damiani, Cleveland,

Ohio, and William T. Session, Kansas City, Mo., for N.A.A.C.P. Special Contribution Fund.

Diana Gribbon Motz, Baltimore, Md., for N.A.A.C.P.–SCF Directors, Benjamin L. Hooks, Herbert R. Henderson, and Nathaniel S. Colley, Sr.

Thomas D. Barr, Rowan D. Wilson, New York City, Kathleen McDonald O'Malley, Cleveland, Ohio, Robert S. Brown, Nancy S. Greiwe, and Stephanie J. Jones, Cincinnati, Ohio, for defendant.

### MEMORANDUM AND ORDER

BATTISTI, District Judge.

Before the Court, for final resolution of the instant action, is a STIPULATION AND ORDER, stating that this action is "dismissed with prejudice and with costs awarded to the Defendant." This STIPULATION AND ORDER is attached hereto and is incorporated as if fully rewritten herein.

Before approval, however, a brief explanatory statement seems necessary.

Since the Memorandum and Order of March 7, 1990 DISMISSED this action—*see* 732 F.Supp. 791, 798 (N.D.Ohio 1990), post-judgment developments, hearings, and discovery have revealed, *inter alia*, the origins of this lawsuit.

On November 10, 1988, Plaintiff National Association for the Advancement of Colored People–Special Contribution Fund ("SCF") moved the United States District Court for the Western District of Missouri, to transfer this case to "the United States District Court for the Northern District of Ohio, Eastern Division, where venue, jurisdiction, and process over [Defendant] Jones will be uncontrovertable [sic]." · 732

---

F.Supp. 791, 793 & n. 5 (N.D.Ohio 1990). The Motion was GRANTED; subsequently, the Clerk of Court for the Northern District of Ohio properly assigned this case to my docket because the case is "related", under Local Rule 7.09(4), N.D.Ohio, to Case No. 73–1300, a pending school desegregation suit on my docket and mentioned in SCF's Complaint. ·

After an evidentiary hearing on February 14, 1990, and examination of the motions and record as a whole, it was determined that "[i]n light of the severe, incurable, and multiplying infirmities in this case," 732 F.Supp. at 798, DISMISSAL was required.

Of course, an involuntary dismissal differs from a stipulated dismissal with prejudice. Further proceedings, hearings, and

1. Subsequent events in May, 1990, elicited admissions on the record as well as interesting disclosures. On May 31, 1990, the following press release was issued, and states in pertinent part:

> The NAACP and Judge Nathaniel [R.] Jones of the United States Court of Appeals for the Sixth Circuit have resolved a ... dispute[,] ... center[ing] upon a series of cases principally involving desegregation issues, in which the NAACP achieved stunning successes while Judge Jones was serving as General Counsel of the NAACP's Special Contribution Fund ["NAACP–SCF"].
>
> \* \* \* \* \* \*
>
> By today's agreement; the. NAACP has accepted Judge Jones' disposition of the fees awarded [to him by the Courts] during his tenure as General Counsel. "I am pleased this dispute finally has been resolved," said Benjamin [L.] Hooks, the Executive Director of the NAACP [and Secretary of the NAACP–SCF]. "We recognized from the outset that what was involved was an honest difference of opinion as to how these fees should be distributed. In such situations, the most important thing is to get the matter resolved as soon as possible. This dispute has been around far too long." Judge Jones also expressed his satisfaction with the resolution of the controversy. "It is unfortunate when these kinds of disputes arise, but they frequently serve a useful purpose in focusing close scrutiny on the stewardship of those in positions of trust. I am obviously pleased with the outcome of the scrutiny of my tenure as General Counsel of the NAACP–SCF."
>
> A lawsuit had been pending in Cleveland related to this matter, which suit will be dismissed.

See also Dobbins v. Local 212, International Brotherhood of Electrical Workers, AFL–CIO,

discovery have been not only enlightening, but effective.[1]

Involuntary dismissal with prejudice was entered prospectively by Order of May 21, 1990, *as amended*, by Order of June 13, 1990.

However, the stipulated dismissal with prejudice, the death knell for satellite litigation in this case, is indeed wiser.

Accordingly, on this date, I have signed the attached STIPULATION AND ORDER, which is entered herewith.

IT IS SO ORDERED.

## APPENDIX

### STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED:

Case No. 6421, slip op. at 8–9, 2 FEP Cases 180 (S.D.Ohio 1969) (Hogan, J.) (Stating:

> [T]here is no question of [the] NAACP's right to afford, at its expense, the services of excellent counsel in a Title VII case. *Button* [*NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1962) ] certainly decided that. What has not been dealt with in either *Button* or *Brotherhood* [*Brotherhood v. Virginia,* 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1963) ], or *Mineworkers* [*Mineworkers v. Illinois,* 389 U.S. 217, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967) ] is—if such excellent counsel's services result in a fee allowance—whether or not such may be paid to the organization. It is said that such clearly violates Ohio law. *Cf. Brown,* 175 Ohio St. 149, 192 N.E.2d 54 (1963); and *State v. Brown,* 173 Ohio St. 114, 180 N.E.2d 157 (1962); *In re Incorporated Consultants* (*Klivens*), 6 Ohio Misc. 143, 216 N.E.2d 912 (C.P., Cuy., 1965). It is "hornbook" that a payment for a legal service may enure only to one licensed to practice law—the NAACP holds no such license. More concretely, the problem is whether such a circumstance [awards of attorney's fees will find their way into the treasury of the NAACP], if it does exist, is a "special circumstance" that would render "such an award unjust." *Newman v. Piggie,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1967).... [T]here is nothing on this record to date that would indicate what is going to happen to the attorney's fee allowed herein as part of the costs. This Court recognizes that an award made pursuant to such a statute is the "property of the plaintiff". 7 C.J.2d 1020. If the plaintiff is bound by a contract of "disposition" to a non-licensed recipient, this Court would hold the fact to be a "special circumstance" that would render the award unjust (to any such extent)).

1. that this action should be and hereby is dismissed with prejudice and with costs awarded to the defendant;

2. that no further proceedings will be brought or conducted by any of the undersigned against any other of the undersigned in any matter related to this action, no sanctions will be sought by defendant or imposed upon plaintiff or upon any officer, director, employee or attorney of plaintiff or of the National Association for the Advancement of Colored People, and no action of any kind will be brought by any of the undersigned against any other of the undersigned by reason of any matters relating to or arising out of the subject matter of this litigation.

Dated: June 26, 1990.

CRAVATH, SWAINE & MOORE

By: (s) Thomas D. Barr

Thomas D. Barr

PORTER, WRIGHT, MORRIS & ARTHUR

Kathleen McDonald O'Malley,

BROWN, CUMMINS & BROWN

Robert S Brown,

Attorneys for Defendant

Nathaniel R. Jones

SIDLEY & AUSTIN

By: (s) George L. Saunders, Jr.

George L. Saunders

Attorneys for Plaintiff National Association for the Advancement of Colored People Special Contribution Fund and for National Association for the Advancement of Colored People

FRANK, BERNSTEIN, CONAWAY & GOLDMAN

By: (s) Diana Gribbon Motz

Diana Gribbon Motz

Attorneys for Benjamin L. Hooks, Herbert R. Henderson and Nathaniel S. Colley, Sr.

POLSINELLI, WHITE, VARDEMAN & SHALTON

By: (s) William T. Session

William T. Session