CUYAHOGA COUNTY BAR ASSOCIATION *v.* GOLD SHIELD, INC., ET AL.*

(No. 930370—Decided November 19, 1975.)

Court of Common Pleas of Cuyahoga County.

*Mr. John Murphy*, for plaintiff.
*Mr. Thomas Gorman*, for defendants.

---

*Judgment affirmed by the Court of Appeals.

McMONAGLE, J. This is an action that was originally filed by the Cuyahoga County Bar Association against the defendants named in the complaint. The complaint was one asking for equitable relief by way of a permanent injunction. Subsequent to the filing of the original complaint, counterclaims and cross-claims were filed. These included the addition of new parties by way of defendants to the cross-claim. A motion to sever was granted and a trial of the issues presented by the original complaint of the plaintiff and the answers of the original defendants was held.

The evidence in the case consisted of Exhibits 1 through 9. Their admission was stipulated by the parties. Exhibit 9 consisted of the transcript of the proceedings before the Unauthorized Practice of Law Committee of the plaintiff, The Cuyahoga County Bar Association. This commenced on Tuesday, May 8, 1974. Briefs of the parties were filed herein. The case was argued by counsel and submitted to the court for its decision.

It is the claim of the plaintiff herein that the defendants, Gold Shield, Inc., William T. Wuliger, Esq., Herbert R. Katz, Esq., and Sander Rubin, were engaged in the unauthorized practice of law in the respects set forth in the complaint. The prayer of the complaint is one requesting an order of this court as follows:

(1) That it permanently enjoin the defendants, their agents and employees and anyone acting upon their behalf from engaging in any of the improper and unauthorized activities complained of; and

(2) Whatever other relief is just and equitable.

Gold Shield, Inc., is a duly organized and existing Ohio corporation for profit. It was incorporated on March 11, 1974. The defendant, William T. Wuliger, is an Ohio attorney and Chairman of the Board of Gold Shield, Inc. The defendant, Herbert R. Katz, is also an Ohio attorney and President of Gold Shield, Inc. Sander Rubin is not an attorney and has been Executive Vice President of Gold Shield, Inc.

The defendants, Mr. Wuliger, Mr. Katz and Mr. Rubin, had conceived a plan for a type of group legal services

(Mr. Wuliger having written a paper on group legal services while in law school). Gold Shield was incorporated by the defendants, Wuliger, Katz and Rubin, for the purpose of carrying such a plan into effect. The plan has been called "The Gold Shield Plan." Under the plan, subscribers or clients to the plan were or would be selected or procured for membership by various means, including word of mouth and other type of advertising, and should be possessed of a credit card, and pay approximately $12 to $15 per year for membership. Member lawyers who would be made available to provide legal services for subscribers were enrolled. Gold Shield had signed contracts with both BankAmericard and Master Charge. The plan provides that a current roster of member lawyers be provided to subscribers by Gold Shield, Inc. A schedule of maximum fees has been promulgated by Gold Shield which is substantially lower than those generally charged in the community. Member lawyers charges to the subscriber or clients of Gold Shield, Inc., may not exceed the amount specified in the fee schedule charges made available to members. The fees for services rendered by member lawyers to Gold Shield subscribers would be paid directly to the Gold Shield office. Gold Shield, Inc. would receive 10 percent of the amount of the fee (which includes both credit card and services fees) and would remit 90 percent to the lawyer. The amount received by Gold Shield is for payment of its services and subject to change if too much or too little. The amount of the lawyers fees, however, is guaranteed by Gold Shield, Inc., the responsibility therefor being the obligation of Gold Shield and the banks.

The evidence clearly establishes that:

(1) Gold Shield, Inc., is not a legal, fraternal, or social organization, nor a labor union which might help make legal services available at a discount to its members but is an Ohio corporation organized and existing for profit.

(2) Its true and sole purpose is to arrange to make legal services available at a discount to those who pay annual dues to the corporation.

(3) Member lawyers must agree to give something of value—legal services at a discount—to secure employment by a client.

(4) Compensation for lawyers' legal services must be by a credit card charge arrangement or contract with publicity directed to that end and without prior approval in writing of such credit card contract or arrangement of an established bar association having some jurisdiction over the professional ethics of attorneys involved.

(5) Only lawyers approved by Gold Shield, Inc.—not all qualified lawyers—may be the beneficiaries of the credit card arrangement.

(6) Publicity is given as to the providing of legal services and which publicity is not subject to bar association approval, but of Gold Shield, Inc., and is for the purpose of channeling business to particular lawyers.

(7) The plan involves advertising of legal services in the form of promoting the legal service plan of making legal services available at a discount; such advertising is by the publication of a list of attorneys who are available to provide all types of legal services.

(8) The providing, recommending and making legal services available at a discount is not incidental to the principal services of the organization but actually is the sole and only purpose of the corporation and is for the purpose of generating corporation profits.

(9) The corporation, Gold Shield, Inc., constitutes an intermediary between the lawyer and client with responsibility by the lawyer to Gold Shield.

The alleged unauthorized activities allegedly engaged in by the said defendants are as follows:

(a) Said defendants caused advertisements soliciting law business and clients in newspapers;

(b) Have solicited persons (clients) and attorneys for the purpose of bringing them together in an attorney-client relationship;

(c) Have prepared and caused to be published a fee schedule;

(d) Have actively sought attorneys and entered into

contracts with them to perform unauthorized services; and

(e) Have derived or attempted to derive income which constituted fee splitting through the device of a corporation.

The Gold Shield Plan had not been registered with the Supreme Court of Ohio.

It is the contention of the plaintiff that because of the said alleged activities of the defendants, Gold Shield, Inc., William T. Wuliger, Herbert R. Katz, and Sander Rubin, that it is entitled to the decree prayed for against the said defendants.

It is also the contention of the plaintiff herein that it is entitled to the relief prayed for against Mr. Wuliger and Mr. Katz as attorneys because of their participating in a plan to provide group legal services which had not been registered with the Supreme Court of Ohio and that such participation is violative of the Code of Professional Responsibility.

DR 2-103(D)(6) provides as follows:

"No attorney shall participate in a plan which provides group legal services which has not been registered as set forth herein. On or before January 1, 1973, and on or before January 1 annually thereafter, every plan which provides prepaid legal services shall be registered with the Supreme Court of Ohio on forms provided by the Court. On and after January 1, 1973, every plan which provides prepaid legal services shall be registered with the Supreme Court before such plan is placed in operation.

"Registration forms provided by the Court shall provide the following information:

"name, address, principal place of business, chief officer of the plan, names of lawyers engaged professionally in the plan, schedule of benefits and schedule of fees; copies of instruments to be used to establish and operate the plan, such trust agreement, articles of incorporation, by-laws, rules and regulations; names of individuals, both lawyers and non-lawyers, participating in the fee and the degree of participation."

Plaintiffs contend that the Gold Shield Plan is a plan

which provides prepaid legal services as contemplated by the Code. The defendants deny that it is such a plan.

The court holds that it is just such a plan. The right to obtain legal services at a discount is dependent upon the pre-payment of the annual dues.

It is further the claim of plaintiff that the activities of Gold Shield, Inc., enumerated in Paragraph 9 of the complaint ([a] through [e] above) constitute violations of Chapter 1701 of the Revised Code which prohibits the formation of and the conduct of a business by a corporation of the practice of law and of Chapter 4705 of the Revised Code and controlling decisions of the Supreme Court of Ohio, which control, govern and prohibit the unauthorized practice of law.

The said defendants deny that any activities in which they participate constituted the unauthorized practice of the law or any illegal or improper actions which would warrant the entry of the decree prayed for. They further contend that the plaintiff as a bar association does not have standing to bring or prosecute the within action and that sanctions which may be imposed upon lawyers who engage in the unauthorized practice of law, or participating in an unregistered plan which provides group legal services do not include injunctive relief.

At the trial hereof, counsel for the plaintiffs stated that they were not requesting any orders or decrees with reference to the defendants, The Cleveland Trust Company, and Ted W. Brown, Secretary of State of Ohio. The complaint herein names the following as other defendants:

"Doe Defendants 1 through 100 (Those Attorneys-at-Law who have applied to become members of the Gold Shield Plan)."

Rule 15(D) does provide for the naming of defendants somewhat in the fashion as the Doe defendants named herein. However, unless persons are also duly summoned before the court, the court is without authority to enter any order with respect to such defendants.

It is the further claim of the plaintiff herein that Gold Shield, Inc., although incorporated as an Ohio corporation

for profit, is actually Mr. Wuliger and Mr. Katz and that they should not be permitted to engage indirectly in activities prohibited to attorneys through the device or shield of a corporation.

Mr. Wuliger and Mr. Katz allege, in other pleadings filed herein, losses including the anticipated income in excess of millions of dollars.

The defendants, Gold Shield, Inc., William T. Wuliger, Herbert R. Katz, and Sander Rubin, concede having anticipated in activities alleged by the plaintiff herein. They contend, however, that such activities are not violative of any provisions of the Code of Professional Responsibility or the statutes. They further contend that if it be found that such activities in which they participated are violative of said Code or statutes that the said Code and statutes are unconstitutional as being violative of constitutional rights of a corporation for profit such as the defendant, Gold Shield, Inc., and also of the rights of the attorneys, defendants herein. Said defendants further contend that R. C. Chapter 4705 is void because of vagueness; that the attempted enforcement of R. C. Chapter 4705 and also of the Code of Professional Responsibility by the plaintiff bar association is unconstitutional in its attempted application herein in that it is not applied equally to all persons.

The court finds that the provisions of R. C. Chapter 4705 are valid and constitutional; that the attempted enforcement of said Chapter and of the Code of Professional Responsibility by the plaintiff bar association is not unconstitutional.

There is no question but that lawyers may participate as individuals in any lawful activities and that a corporation for profit may also engage, in accordance with its charter, in any lawful business.

The defendants contend that the establishment of Gold Shield, Inc., by defendants and the activities carried on by that corporation and by William T. Wuliger, Herbert R. Katz and Sander Rubin are of the same nature as those which have received the approval of the Supreme Court of the United States in *Brotherhood of Railroad Trainmen* v.

*Virginia, ex rel. Virginia State Bar* (1964), 377 U. S. 1; *United Transportation Union* v. *State Bar of Michigan* (1971), 401 U. S. 576; *N. A. A. C. P.* v. *Button* (1963), 371 U. S. 415; *United Mine Workers* v. *Illinois State Bar Association* (1967), 389 U S. 217; and *In re Thibodeau* (Mass. 1936), 3 N. E. 2d 749.

The court does not agree that these decisions constitute authority for the carrying on of the activities charged to the said defendants herein; except as to *Thibodeau*, the participation of the subject organizations in the cited cases in making legal services available to its members was only incidental to their primary purposes and activities.

The said defendants claim that the Gold Shield Plan has been instituted for the purpose of making available legal services for poor people. Its entire purpose and existence really is for the purpose of making legal services available to whomever may join the Gold Shield Plan and pay the membership charges and to provide monetary profits for the corporation and its principals, Mr. Wuliger, Mr. Katz, and Mr. Rubin.

The court finds that the entire Gold Shield Plan and each of its facets constitute the unauthorized practice of law and the participation in it by Mr. Wuliger, Mr. Katz and Mr. Rubin are violative of Revised Code Chapters 4705 and 1701 and the Code of Judicial Conduct and applicable decisions of the Supreme Court of Ohio. This finding is supported by the provisions of the cited statutes, Code and Court decisions. *American Bar Association Informal Opinion No. 1120* (October 3, 1969); *United Radio, Inc.* v. *Cotton* (1938), 61 Ohio App. 247, 22 N. E. 2d 532; *Public Service Traffic Bureau* v. *Hayworth Marble Co.* (1931), 40 Ohio App. 255, 178 N. E. 703; *R. E. Harrington, Inc.* v. *Windmiller* (1961), 86 Ohio Law Abs. 562, 177 N. E. 2d 816; *Goldfarb* v. *Virginia State Bar* (1975), —— U. S. ——, 43 U. S. L. W. 4723; *Land Title Abstract & Trust Co.* v. *Dworken* (1934), 129 Ohio St. 23; *Bar Association* v. *Brunson* (1973), 37 Ohio Misc. 61; *State, ex rel. Junior Association of Milwaukee Bar,* v. *Rice* (1940), 294 N. W. 550.

The court further finds that the carrying on of the

said activities in the name of Gold Shield, Inc., constituted a device by which the defendants, Wuliger and Katz, participated in activities which constituted violations of the Code of Professional Responsibility and that they thereby participated in activities prohibited to lawyers under the guise of being done by a corporation.

The court further finds that the cited acts constitute unauthorized acts by a corporation and they further constituted unauthorized activities by attorneys in violation of the Code of Professional Responsibility.

The court further finds that the plaintiff herein, the Cuyahoga County Bar Association, is a duly organized and existing bar association of the state of Ohio and that in the carrying on of many of its functions, it acts for and as an instrumentality of the Supreme Court of Ohio which has by the Ohio Constitution the authority for controlling the activities of members of the bar.

The court further finds that it is the obligation of all bar associations, including the plaintiff herein, its trustees, officers, committees and members, to investigate all activities involving or indicating the unauthorized practice of the law and violations of the Code of Professional Responsibility; it is further the obligation and duty of such bar associations to take proper steps that its board of trustees deem proper, including the institution of lawsuits such as the within action, to stop activities which constitute the unauthorized practice of law or the carrying on of activities by a corporation relating to the practice of law. It is further the duty and obligation of such bar associations to prosecute actions such as the within action.

The court further finds that a bar association is not limited to the reporting of violations of the Code of Professional Responsibility by attorneys to the procedure outlined in the said Code but includes the authority to bring injunctive actions where such activities involve not only attorneys at law but corporations and laymen who are not amenable to the discipline of the Supreme Court of Ohio.

The court, therefore, finds that the plaintiff is entitled to the injunctive relief prayed for. A decree will be filed

enjoining the defendants, Gold Shield, Inc., William T. Wuliger, Herbert R. Katz, and Sander Rubin, in the respects prayed for in the complaint, that is, enjoining said defendants from the participation in the solicitation of law business and clients in advertising; from soliciting persons and attorneys for the purpose of bringing them together in an attorney-client relationship; from preparing and causing to be published a fee schedule for charges by lawyers; from seeking and entering into contracts with attorneys for them to perform legal services for members of the Gold Shield Plan; from deriving or attempting to derive any income by means of the procedures heretofore stated as being part of the Gold Shield Plan including the receipt of any portion of the membership fees procured from subscribers and clients by Gold Shield, Inc., a corporation.

It is Further Ordered that the within action be dismissed as to the defendants, The Cleveland Trust Company, BankAmericard Merchants Service, and Ted W. Brown, Secretary of State of Ohio.

Judgment for the costs will be entered against the defendants.

*Judgment accordingly.*