DEMPSEY; PROFESSIONAL LAND SURVEYORS OF OHIO, APPELLANT, *v.* CHICAGO TITLE INSURANCE COMPANY, APPELLEE, ET AL.

(No. 46282—Decided August 22, 1983.)

*Mr. John C. Bowes* and *Mr. Irving S. Weiss,* for appellant Professional Land Surveyors of Ohio.

*Mr. Walter J. Rekstis III* and *Mr. Richard Gurbst,* for appellee Chicago Title Ins. Co.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Michael L. Squillace,* for *amicus curiae,* state of Ohio.

MARKUS, P.J.   Plaintiff-association appeals from the trial court's dismissal of its action to enjoin unlicensed defendants from the unauthorized practice of surveying. The trial court ruled that the State Board of Registration for Professional Engineers and Surveyors has exclusive authority to seek such an injunction. We hold that licensed surveyors and their professional associations have standing to seek injunctive relief against the unlicensed practice of surveying.

Thirteen licensed professional surveyors and a voluntary association of professional surveyors sought injunctive relief against three corporations allegedly engaged in the unlawful practice of surveying. Plaintiffs alleged that these corporations were not registered pursuant to R.C. Chapter 4733. Subsequently, all plaintiffs except the Professional Land Surveyors of Ohio withdrew as parties by dismissing their respective claims without prejudice. At the outset of the trial, the trial court granted one of defendant's motions to dismiss the action, stating:

"It is the opinion of the Court that the State Board of Registration for Professional Engineers & Surveyors has exclusive authority to maintain an action for injunctive relief pursuant to Ohio Revised Code § 4733.23 with respect to claimed violations of Ohio Revised Code § 4733.01, *et seq.* The State Board of Registration for Professional Engineers & Surveyors is not a party to this action."

Plaintiff appeals from the resulting judgment contending:

"1.   The trial court erred in deciding that the State Board of Registration for Professional Engineers & Surveyors has exclusive authority to maintain an action for injunctive relief for the non-licensed practice of surveying.

"2.   Revised Code Section 4733.23, as applied by the trial court, violates the Ohio Constitution, Article I Section 1, Section 2 and Section 16, and the United States Constitution, 14th Amendment."

R.C. 4733.22 states in part:

"No person shall practice, or offer to practice, the profession of engineering or surveying without being registered or exempted in accordance with sections 4733.01 to 4733.23, inclusive, of the Revised Code * * *."

R.C. 4733.23 provides:

"All officers of the law of this state, or of any political subdivision thereof, shall enforce sections 4733.01 to 4733.22, inclusive, of the Revised Code, and prosecute any persons violating same. The state board of registration for professional engineers and surveyors is hereby authorized to apply for relief by injunction or restraining order to enjoin or restrain a person from the commission of any act which is prohibited by sections 4733.01 to 4733.22, inclusive, of the Revised Code. The remedy provided by this section shall be in addition to any other remedy provided by law. The attorney general or his designated assistant shall act as legal adviser of the board and render such legal assistance as may be necessary."

Plaintiff contends that the statute grants the board "concurrent legal standing" to seek injunctive relief along with licensed members of the profession.

This court approved an injunction

sought by a nonprofit organization of professional engineers to preclude an unregistered engineer from practicing engineering. *Ohio Society of Professional Engineers* v. *Hulslander* (1949), 86 Ohio App. 497 [42 O.O. 156]. The court ruled that the defendant had not violated the injunction.

The law then applicable (G.C. 1083-23) provided, in part:

"It shall be the duty of all duly constituted officers of the law of this state, or any political subdivision thereof, to enforce the provisions of this act and to prosecute any persons violating same."

The statute did not grant the state board power to seek injunctive relief until the enactment of R.C. 4733.23 in 1957. (127 Ohio Laws 808, 809.)

Thus, the only parties expressly authorized to enforce the engineer registration provisions at that time were "duly constituted officers of the law." Nevertheless, this court's decision in *Hulslander* recognized the right of professional organizations to seek injunctive relief against the unauthorized practice of engineering. In our view, the enactment of R.C. 4733.23 did not deprive individuals or professional associations of this right by giving it to the board.

The Ohio Attorney General has filed an *amicus curiae* brief on behalf of the State Board of Registration for Professional Engineers and Surveyors. The board expressly disclaims an exclusive right to seek injunctions against the unauthorized practice of surveying. The board asks this court to permit the plaintiff-association to pursue the remedy sought.

This court has held that a nonprofit association has standing to enforce a public right. *State, ex rel. Ohio Motorists Assn.,* v. *Masten* (1982), 8 Ohio App. 3d 123, 128-129. An action to prevent the unlicensed practice of a statutorily regulated profession asserts a public right to abate a nuisance. Cf. *State Medical Bd.* v. *Mt. Sinai Hospital* (1983), 8 Ohio App. 3d 105.

Ohio courts have recognized the right of some professionals and their professional associations to restrain the unauthorized practice of their professions. For example, "all bar associations * * * [their] trustees, officers, committees and members" are authorized to institute lawsuits challenging the unauthorized practice of law. *Bar Assn.* v. *Gold Shield* (1975), 52 Ohio Misc. 105, at 113 [6 O.O.3d 319]. See, also, *Taylor* v. *New System Prosthetic Dental Laboratory* (C.P. 1932), 12 Ohio Law Abs. 55 (dentistry). Absent some express statutory prohibition, we see no reason why other licensed professionals or their associations cannot seek to prevent such unauthorized practice.

Plaintiff also claims that the trial court's application of R.C. 4733.23 was unconstitutional. We need not reach this issue. A court will not determine the constitutionality of a statute where the determination of other issues disposes of the case on its merits. *Greenhills Home Owners Corp.* v. *Village of Greenhills* (1966), 5 Ohio St. 2d 207 [34 O.O.2d 420], paragraph one of the syllabus.

Plaintiff's first assignment of error is meritorious, so we reverse the trial court's judgment and remand the cause for further proceedings.

*Judgment reversed and cause remanded.*

WHITESIDE and DONOFRIO, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by assignment in the Eighth Appellate District.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.