JOURNAL ENTRY and OPINION
The court found defendant-sexual predator Charles Beasley, guilty of one count of failure to provide notice of his change of address, in violation of R.C. 2950.05. In this appeal, defendant complains the court erred by denying his motion to dismiss the indictment on grounds that his homelessness prevented him from complying with the change of address requirement for sexual predators. He argues that the change of address requirement, while not facially invalid, is unconstitutional as applied to him.
The facts are uncontested. Defendant's status as a sexual predator requires him to report to the county sheriff every ninety days. Upon release from incarceration on the underlying sexually oriented offenses, defendant took up residence in East Cleveland and, as required by R.C.2950.06(B)(1), verified his address to the sheriff in April, July, and October 1999. When the sheriff went to confirm the address after the October 1999 registration, the sheriff learned that defendant had not been living at that address since late August 1999. His personal items, however, had been stored at the East Cleveland address, although in his absence, many of those items were given to charity.
Defendant said that he had been living with a family at the East Cleveland address, but was asked to leave because some of the homeowner's family members thought he had been exerting undue influence over the homeowner, who he said suffered from Alzheimer's disease. Defendant left the house immediately, leaving his personal possessions in the garage. Having no place to stay, defendant began sleeping in his car. He testified that he parked the car on the streets, sometimes at the site of his construction job, and other times in the driveway of his aunt's house in Cleveland (defendant said there was no room for him to sleep inside the aunt's house).
A person who took up residence in the East Cleveland residence after defendant left testified that the police came to the house in October 1999 looking for defendant. He told them defendant moved in August 1999. When defendant returned to the East Cleveland address in December 1999, the resident called the police. He told the police that defendant had been up in Detroit or somewhere like that. On that basis, the police arrested defendant for failing to notify them of his change of address. That information was wrong, as defendant had been working at a construction job on Detroit Avenue in Cleveland not living in the city of Detroit. The police found and arrested defendant inside the house at the East Cleveland address.
 I
Defendant maintains the state did not establish the requisite elements of a failure to report a change of address because he did not change his address. He argues alternatively that (1) his homelessness left him without an address to report or (2) that the evidence established the East Cleveland address as his residence because the evidence showed that his personal possessions were located there.
In State v. Treesh (2001), 90 Ohio St.3d 460, 484, the Supreme Court stated:
 The relevant question in determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. * * * We will not disturb the verdict unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. (Internal quotations and citations omitted.)
An offender's duty to provide notice of a change of address is set forth in R.C. 2950.05:
 (A) If an offender is required to register pursuant to section 2950.04 of the Revised Code, the offender, at least seven days prior to changing the offender's residence address during the period during which the offender is required to register, shall provide written notice of the residence address change to the sheriff with whom the offender most recently registered under section 2950.04 of the Revised Code or under division (B) of this section.
The elements of an R.C. 2950.05 violation that must be proved by the state are (1) a duty to register an address as a result of committing a sexually oriented offense and (2) a failure to do so at least seven days prior to the address change. Defendant concedes he had a duty to register his address, but claims that being homeless means that he did not have an address to report.
We reject defendant's argument that his homelessness prevented him from having an address that he could report as a change because his failure to maintain a stable residence cannot be subordinated to the compelling public interest in tracking the whereabouts of sexual offenders.
R.C. 2950.05(A) requires offenders to submit notice of a residence address change. Defendant maintains that R.C. 2950.05(A) should be read prospectively to require notification of an address change only when an offender takes on a new address. In other words, a registration requirement would arise only if the sexual offender takes on a new address. Because defendant became homeless, he argues that he did not, by definition, take on any address that he could report as being changed.
This is sophistry. An address changes when one no longer lives at that address. When defendant left the East Cleveland residence, his residence address changed. His duty to report this change arose in August 1999, when he left the East Cleveland residence. Instead of reporting his changed address, defendant told the sheriff in October 1999 that he still resided at the East Cleveland address. Once he left the East Cleveland residence, his address changed. This constituted sufficient evidence of all elements of a R.C. 2905.05(A) offense. See State v. Parrish (Dec. 18, 2000), Licking App. No. 00-CA-0070, unreported.
We also find the court did not err by finding that defendant was not residing at the East Cleveland residence at the time of the offense, even though his possessions were left in the garage. First, defendant conceded during his argument in support of his motion for judgment of acquittal that he was homeless. See Tr. 38. Second, the evidence did not support defendant's current argument that his possessions left in the garage of the East Cleveland address meant that he continued to reside there. A person residing at the East Cleveland residence testified that defendant left the house in late August 1999 and to his knowledge did not return to the house. The witness also said that defendant did leave a number of personal items in the garage, but that we had been taking stuff out. We had given stuff to the Salvation Army. This evidence was sufficient to show that defendant left the house and his possessions for such a length of time that it demonstrated his intent to abandon that property.
As an aside, we note that while the indictment specifically charged a violation of R.C. 2950.05, the evidence produced at trial suggests another basis under which the state could have proven a violation of the sexual offender registration laws. R.C. 2950.04(B) requires an offender with an obligation to register as a sexual offender to obtain and complete a form provided by the sheriff, and return the completed form to the sheriff. Among other things, the registration form provided by the sheriff must include the name and address of an employer, if the offender is employed at the time of registration or knows at the time of registration that the offender will be commencing employment subsequent to registration. A failure to complete the form is a criminal offense. See R.C. 2950.04(E).
The State's Exhibit 3, memorializing the October 1999 registration, has a form for employer address, but that form is blank. This would suggest a possible violation of R.C. 2950.04(C) because defendant maintained that he had been employed in the construction industry at the time. In fact, he testified that he often parked his car at his job site when he lacked other places to sleep. On this basis alone, a violation of the sexual offender registration laws might have been proven. The first assignment of error is overruled.
 II
Defendant next argues that the evidence against him was insufficient to establish that he acted recklessly.
R.C. 2950.05 does not establish a requisite mental state. In State v. Collins (2000), 89 Ohio St.3d 524, 530, the Supreme Court recently reaffirmed the principle set forth in R.C. 2901.21(B) that where a statute defining a criminal offense fails to expressly specify a mental culpability element * * * proof of a violation of the criminal provision requires a showing of recklessness, absent a plain indication in the statute of a legislative purpose to impose strict criminal liability.
R.C. 2950.05(E)(1) states that no person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that section. (Emphasis added). Ohio courts have said that when a statute reads `no person shall' engage in proscribed conduct, absent any reference to a culpable mental state, the statute indicates a legislative intent to impose strict liability. See State v. Shaffer (1996),114 Ohio App.3d 97; State v. Cheraso (1998), 43 Ohio App.3d 221 (it is well-established that when a statute reads, `No person shall * * *,' absent any reference to the requisite culpable mental state, the statute is clearly indicative of a legislative intent to impose strict liability); New York v. Patterson (2000), 185 Misc.2d 519 (construing similar New York Sexual Offender Registration Law).
A finding that the failure to provide notice of a change of address is a strict liability offense is consistent with the legislative purpose behind the registration requirements for sexual offenders. In State v. Schlosser (1997), 79 Ohio St.3d 329, 333, the Supreme Court considered the applicable culpable mental state for violations of R.C.2923.32(A)(1), Ohio's RICO statute, which did not contain a mental element. The court held that R.C. 2901.21(B) does not apply to statutes which are mala prohibita, i.e., the acts are made unlawful for the good of the public welfare regardless of the state of mind. Hence, the Supreme Court held that the General Assembly intended to impose strict liability for RICO violations despite its failure to include a culpable mental state.
The reasoning used in Schlosser applies to violations under the sexual offender registration laws because those offenses are clearly mala prohibita. In State v. Williams (2000), 88 Ohio St.3d 513, 518, the Supreme Court summarized the General Assembly's intent behind the registration requirements for sexual offenders:
 In revising R.C. Chapter 2950, it was the stated intent of the General Assembly to protect the safety and general welfare of the people of this state. R.C. 2950.02(B). In the opinion of the General Assembly, the classification, registration, and notification requirements in H.B. 180 are a means of assuring public protection. Id. To support its conclusion that the provisions of H.B. 180 were necessary, the General Assembly advanced several findings.
 The General Assembly found that if the public is provided notice and information about sexual predators, habitual sex offenders, and other individuals convicted of sexually oriented offenses as defined in R.C. 2950.01, the citizens can inform and prepare themselves and their children for the release from confinement of a sex offender. R.C. 2950.02(A)(1). Dissemination of information is deemed to be justified because sexual predators and habitual sex offenders pose a high risk of recidivism, and protection of the public from these types of sex offenders is of paramount governmental interest. R.C. 2950.02(A)(2). The General Assembly further concluded that a person who is found to be a sexual predator or a habitual sex offender has a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. R.C. 2950.02(A)(5).
The requirement that an offender provide notice of a change of address is intended for the public safety and well-being. It is thus a mala prohibita act, and constitutes a strict liability offense. The second assignment of error is overruled.
 III
Defendant next complains that the evidence did not show that he was domiciled at a new address for seven days as required by R.C. 2950.04.
We agree with the state that this argument is misplaced, for the provisions of R.C. 2950.04 relate to initial registration upon entering a county. Defendant was charged under R.C. 2950.05, which relates to providing notice of a change of address after initial registration. In fact, R.C. 2950.05(A) specifically references R.C. 2950.04 by noting that if an offender is required to register pursuant to section 2950.04 of the Revised Code, * * * the offender shall provide written notice of the address change * * *. There is no question that defendant complied with the initial registration requirements of R.C. 2950.04. Having done so, that section would no longer apply in the context of a R.C. 2950.05(A) violation. The third assignment of error is overruled.
 IV
Defendant's remaining arguments raise constitutional issues associated with forcing homeless persons to register a change of address. He claims that the statute is unconstitutional as applied to him because it penalizes him for being homeless, or worse, restrains his movement around the city by requiring him to register at every place he may sleep.
We have serious doubts that a colorable argument can be made that enforcement of sexual registration laws against homeless persons can somehow be viewed as a penalty for being homeless. See Tobe v. City of Santa Ana (1995), 9 Cal.4th 1069. Moreover, were we to accept defendant's argument, it would sanction the truly absurd result that a sexual predator could skirt the registration requirements by fraudulently or voluntarily becoming homeless. The record cast serious doubts on the legitimacy of this defendant's claimed homelessness inasmuch as he claimed to have been employed during the period in which he failed to inform the registering authority that he was no longer living at the East Cleveland address, but failed to take affirmative steps to find housing despite the apparent means to do so.
But we do not need reach these issues. Our holding that defendant had the obligation to notify the sheriff of his change of address at the time he had been told to leave the East Cleveland residence removes from consideration any issue relating to his homelessness.In other words, defendant's condition as a homeless person was truly irrelevant to the question whether he changed his address, for as we previously held, a violation of the duty to notify authorities of a change of address arises when the previous address changes. Once defendant became homeless, his address changed and he was required to report that change. This is not a case where a sexual offender failed to register at all, so we have no occasion to consider that issue in this appeal defendant reported his address as required by R.C. 2950.04.
We therefore have no occasion to consider whether his homelessness prevented him from having an address to report. We reach this conclusion in conformity with the longstanding principle of appellate review that courts will not reach a constitutional question if non-constitutional questions are dispositive. Greenhills Home Owners Corp. v. Greenhills (1966), 5 Ohio St.2d 207, paragraph one of the syllabus; Dempsey v. Chicago Title Ins. Co. (1983), 10 Ohio App.3d 281, 283.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION. JAMES D. SWEENEY, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.