DEMPSEY; PROFESSIONAL LAND SURVEYORS OF OHIO, APPELLANT, *v.* CHICAGO TITLE INSURANCE CO., APPELLEE, ET AL.

(No. 48760—Decided March 25, 1985.)

*John C. Bowes* and *Irving S. Weiss,* for appellant.

*Walter Rektis* and *Richard Gurbst,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *John C. Albert,* for Ohio State Board of Registration for Professional Engineers and Surveyors.

MARKUS, J. An association of professional surveyors seeks to enjoin the defendant title insurance company from engaging in unlicensed surveying activity. The defendant denies that its activities constitute surveying within the meaning of the Ohio license laws. On a previous appeal to this court, another panel rejected the defendant's contention that the state regulatory board had exclusive authority to seek injunctive relief against unlicensed surveyors. *Dempsey* v. *Chicago Title Ins. Co.* (1983), 10 Ohio App. 3d 281. On remand, both sides filed motions for summary judgment. The trial court denied the plaintiff's motion and granted the defendant's motion. The plaintiff then filed a motion for relief from that judgment, but filed this appeal before the court ruled on that motion.

Plaintiff argues that some of the defendant's activities in providing its "location service" constitute "surveying." Consequently, plaintiff contends that the trial court should have denied the defendant's summary judgment motion and granted plaintiff's, or vacated its judgment to permit a trial. Genuine issues of material fact remain unresolved, so the trial court should have denied both summary judgment motions. We reverse and remand for a trial of those issues.

I

R.C. 4733.02 prohibits unlicensed persons from practicing the profession of surveying:

"Any person practicing or offering to practice the professions of engineering or of surveying, shall submit evidence that he is qualified to practice and shall be registered. No person shall practice or offer to practice the professions of engineering or of surveying, or contract for such services, or use in connection with his name or otherwise, assume, use, or advertise any title or description tending to convey the impression that he is an engineer or a surveyor, unless such person has been registered or exempted under sections 4733.01 to 4733.23, inclusive, of the Revised Code."

Similar prohibitions appear in R.C. 4733.22:

"No person shall practice, or offer to practice, the profession of engineering or surveying without being registered or exempted in accordance with sections 4733.01 to 4733.23 of the Revised Code, or present or attempt to use as his own the certificate of registration, the certificate of authorization, or the seal of another, or give any false or forged evidence of any kind to the state board of registration for professional engineers and surveyors or to any member thereof in obtaining a certificate of registration or certificate of authorization, or falsely impersonate any other registrant or holder of a certificate of authorization of like or different name, or attempt to use an expired or revoked certificate of registration or certificate of authorization, or violate such sections."

Violators are subject to misdemeanor criminal sanctions. R.C. 4733.99.

R.C. 4733.01 defines the terms "surveyor" and "practice of surveying" for these purposes:

"(C) 'Surveyor' means a person who engages in the practice of that branch of engineering commonly known as surveying.

"(D) 'Practice of surveying' means that branch of engineering and applied mathematics which teaches the art of surveying and measuring the area of any portion of the earth's surface, the lengths and directions of the bounding

lines, and the contour of the surface, for their correct determination and description and for conveyancing for recording, or for the establishment or re-establishment of land boundaries and the platting of lands and subdivisions; and like measurements and operations involved in the surveying of mines, commonly known as 'mine surveying.' "

The State Board of Registration for Professional Engineers and Surveyors prescribes forms for applicants seeking registration as surveyors. R.C. 4733.12. It determines whether applicants satisfy statutory standards for registration, which generally include four years of formal education, or equivalent training by at least eight years of practical experience, plus four additional years of practical experience, plus satisfactory performance on a two-stage examination administered by the board. R.C. 4733.11(B). Pursuant to its authority under R.C. 4733.07 to "adopt all necessary rules, regulations, and bylaws * * * for the holding of examinations * * * and for governing all other matters requisite to the exercise of its powers," the board issued the following regulation as Section 4733-31-01 of the Ohio Administrative Code:

"Land surveying defined

"(A) Land surveying shall mean any Professional Service performed for the purpose of determining land areas, the monumenting of property boundaries, the platting and layout of lands and sub-divisions thereof, including the topography, the alignment and the preliminary grades of streets, the preparation of: maps, record plats, field note records and property descriptions representing such surveys.

"(B) The adequate performance of such work involves the application of special knowledge of the principles of mathematics, the related physical and applied sciences and the relevant requirements of law for adequate evidence to the act of measuring, and locating

lines, angles, elevations, natural and man-made features in the air, on the surface of the earth, within underground workings, and on the beds of bodies of water."

## II

The evidentiary materials supporting the respective summary judgment motions included (a) samples of defendant's "location service" reports, (b) an affidavit from the manager of the defendant's location service department, (c) a sample "form" used to certify the accuracy of a land survey accomplished by a licensed surveyor, (d) instructional course materials "approved" by the State Real Estate Board which refer to "location service," (e) "sample" location service reports which two surveyors provided to their respective customers, (f) portions of depositions from two of the defendant's employees and two licensed surveyors, and (g) one of the defendant's sales promotional brochures.

These materials establish without dispute that neither the manager nor any employee of the defendant's location service department is a registered surveyor. They provide substantial factual data about the activities of that department which vary somewhat for different customers and different assignments. Some of those activities apparently involve measurement of land boundaries, recording those measurements, and plotting those measurements on scale diagrams which purportedly depict the land area. To the extent that the defendant undertakes those activities for its own benefit in determining whether to sell title insurance for the described property, its employees are not engaging in the profession of surveying. Those activities are then incidental to its lawful sale of title insurance. Cf. Annotation (1962), 82 A.L.R.2d 1013.

However, to the extent that the

defendant regularly undertakes those activities for others and charges for those services, it practices the profession of surveying. Cf. *People* v. *Torres* (App. 1979), 420 N.Y.Supp. 2d 843 (occasional infrequent activity·need not be licensed). Similarly, the defendant practices the profession of surveying if it offers or proposes to provide those services to others, as part of a broader service or for a separate fee. If the defendant does any of the listed activities which require licensing, it violates the licensing law without doing all those activities. Cf. *Telophase Society of Florida* v. *State Board of Funeral Directors and Embalmers* (Fla. App. 1975), 308 So.2d 606.

The clear statutory language requires that conclusion, and the authorized administrative regulation reinforces it. Having been directed to enforce the statute, the governing administrative body has interpreted its meaning with a legislatively authorized regulation. Therefore, courts should give it some deference. *Griggs* v. *Duke Power Co.* (1971), 401 U.S. 424, 433; *Jones Metal Products Co.* v. *Walker* (1972), 29 Ohio St. 2d 173, 181 [58 O.O.2d 393].

The defendant argues that its services are less elaborate, less precise, and consequently less costly than a traditional surveyor's services. While that may be true, the legislature requires that anyone who regularly performs this type of service for others must have specified training and experience. To ensure the quality of those services, the legislature mandates that a duly established administrative agency must examine and register such persons. Presumably, the legislature perceives a need to protect the public from less qualified persons who might undertake those restricted activities. Indeed, less elaborate and less precise measurements might well be particularly misleading, since many persons could still rely on them despite any attached disclaimer. The area and boundaries of land are traditionally important matters, as the detailed recording laws demonstrate.

Defendant's argument could be ·duplicated for most regulated professions. Unlicensed persons could provide "less complicated" health care services at lower costs than licensed professionals. Less trained persons could provide "less complicated" legal services at lower costs than licensed professionals. When the legislature requires licensing, the legislature determines the services which a duly licensed professional must perform. If the legislature chooses to impose less restrictions on the performance of those activities, it may do so by narrowing the list of those services. It may also create differently licensed professions with less rigorous licensing requirements, to undertake part of the activities previously performed by another profession.

A more precise definition of the defendant's activities involves factual issues which are not suitable for summary judgment disposition. The evidence submitted here does not exclude a finding that part of the defendant's "locating service" involves surveying which a licensed surveyor must perform or supervise. Other parts of that service may not involve surveying.

A trial court should exercise reasonable discretion to frame an appropriate equitable order, which that court can effectively enforce. Therefore, we sustain the plaintiff association's first assigned error, which challenges the summary judgment that the defendant title insurer was not engaged in unlicensed surveying. We overrule the plaintiff-association's third assigned error, which disputed the denial of its own motion for summary judgment. Accordingly, we remand the case for further proceedings.

94

## III

The plaintiff-association's second assignment of error argues that the trial court should have granted its motion for relief from judgment pursuant to Civ. R. 60(B). Our disposition of the other assignments of error renders this issue moot, but we address it to satisfy our responsibilities under App. R. 12(A).

Plaintiff filed its notice of appeal before the trial court had an opportunity to rule on its motion for relief from judgment. The notice of appeal deprived the trial court of jurisdiction to vacate the judgment challenged by that appeal. *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129 [69 O.O.2d 146]; *Garrett* v. *Garrett* (1977), 54 Ohio App. 2d 25 [8 O.O.3d 41]. If the plaintiff wanted a ruling on its Civ. R. 60(B) motion, it should have requested this court to remand the case for a limited interval for that purpose. See *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157, 160-161 [75 O.O.2d 250].

We overrule the plaintiff-association's second assignment of error. For the reasons stated earlier, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

*Judgment reversed*
*and case remanded.*

PARRINO, P.J., and NAHRA, J., concur.