JOURNAL ENTRY AND OPINION
This is an appeal from an order of Cleveland Municipal Court Judge Angela R. Stokes overruling appellant Yuly Linetsky's pro se objections and adopting the decision of Magistrate Gayle L. Belcher that denied his motions for a default judgment, for Civ.R. 60(B) relief and a new trial. Linetsky's breach of contract claim for $172.99 against appellee Broadway Optical had resulted in a defense verdict and he sought, through an allegation of newly discovered evidence, the opportunity to obtain the return of his money. These motions were filed after Linetsky had appealed the verdict and ruled upon after this court declined to remand the matter back to the municipal court. We find there was no jurisdiction to enter the order, vacate it, dismiss and remand.
Linetsky purchased bifocal glasses made by Dr. Stephen Figler, O.D. from Broadway Optical in Cleveland, Ohio in 1998. Complaining that the glasses did not adequately correct his vision, Linetsky returned to Dr. Figler three times for corrections and/or adjustments to the lenses, all of which proved unsatisfactory.[1] He sued Broadway Optical in Cleveland Municipal Small Claim Court Case No. 98-CV-22263 and, when his claim was tried before Magistrate Franzetta D. Turner, Broadway Optical presented medical records and statements from Dr. Figler and Dr. Eric S. Eleff, M.D., Linetsky's ophthalmologist, that his visual difficulties stemmed from physical eye damage caused by a condition known as diabetic retinopathy, and were not a result of poor workmanship in fashioning the lenses. Linetsky rebutted this evidence with his own assertions that he had never had diabetes and a statement from Joseph Schulgusser, a "dispenser" of eyeglasses employed by Children's Optical Co., Inc. in Cleveland Heights, Ohio, that the glasses were physically defective and of poor quality. The magistrate issued a decision finding in favor of Broadway Optical:
 "Plaintiff paid Defendant $172.99 for a pair of glasses. Plaintiff claims that after three attempts, the glasses still do not work for him. Plaintiff suffers from diabetic retinopathy which causes his vision to fluctuate depending on his insulin level. Therefore, it appears that the problem is not the glasses but Plaintiff's condition that prevents him from seeing as well as he would like to see."
Linetsky filed objections to this decision which were overruled by Judge Colleen C. Cooney.
Linetsky's February 25, 1999 appeal to this court eventually resulted in our affirming the decision.[2] On April 12, 1999, after filing his notice of appeal, however, he moved the judge for relief from judgment and a new trial on the basis that he had never been put on notice that he had developed diabetic retinopathy or that it contributed to his vision problems and supported by the opinion of his ophthalmologist, Dr. Eleff, obtained after his trial. In answering Linetsky's questions, Dr. Eleff had responded:
 "1. Does my vision fluctuate depending on my insulin level? Answer: "No."
 2. Is my condition a problem which prevents making near-vision glasses for me? Answer: "No. Can be made, though medical condition may limit results."
Linetsky asserted this was new evidence that directly contradicted the findings of Magistrate Turner. He simultaneously moved, under Loc. App.R. 4, for this court to remand the case to the municipal court.
Despite the fact that this court denied his request that we remand the case back for a determination of those pending motions, his motions were heard by the magistrate on June 10, 1999. He argued the merits and also requested a default judgment against Broadway Optical because its representative failed to appear at the hearing. The magistrate found that Dr. Eleff's opinions were not newly discovered evidence and denied both the request for Civ.R. 60(B) relief and for a new trial. Linetsky's objections were overruled and the judge confirmed the judgment. It is from that order, entered while his original appeal was pending, that he now appeals.
Linetsky asserts the following assignments of error:
 I. THE CLEVELAND MUNICIPAL COURT ERRED IN FAILING TO FIND ANY REASON IN SUPPORT OF DENYING APPELLANT'S MOTION FOR A JUDGMENT BY DEFAULT.
 II. THE COURT ERRED WHEN (IT) OVERRULED PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION OF OCTOBER 4, 1999.
The notice of appeal divests a lower court of jurisdiction over only that part of a judgment which is sought to be reviewed and it retains all jurisdiction not inconsistent with that of the appeals court to review, modify or reverse an appealed order or judgment. Linetsky's simultaneous attempt to vacate and appeal the very same judgment is, therefore, inconsistent.
Loc.App.R. 4 provides in part:
 (A) If a motion for relief from judgment or order under Civ. R. 60(B) is pending in the trial court and an appeal from the same judgment is also pending, a party may move this court, for good cause, to remand the matter to the trial court for a ruling on the motion for relief from judgment.
Although the municipal court docket clearly indicates that Linetsky had appealed the judgment in 98-CV-22263, that the original papers from the court file had been forwarded to this court, and this court had not remanded the case back, a hearing on his pending motions was held and a ruling entered. The notice of appeal deprived the magistrate and judge of the jurisdiction to vacate the judgment challenged on appeal, there was no jurisdiction to rule on the motions and the order is vacated.[3] We need not address the assignments of error in light of our holding. App.R. 12(A).
Order vacated, appeal dismissed, and case remanded.
It is ordered that the appellee recover from the appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANN DYKE, J., CONCUR.
[1] Apparently, Linetsky, an elderly man, was having trouble passing his driver's exam due to poor night vision. While he seems to agree that the eyeglasses now adequately correct his vision for distance, he still maintains that they are unacceptable as reading glasses.
[2] Linetsky v. Broadway Optical (Mar. 30, 2000), Cuyahoga App. No. 76078, unreported. This court held that Linetsky had not supported his objections to the magistrate's decision with either a transcript of evidence or an affidavit describing the evidence presented at the hearing, and, as such, failed to comply with the requirements of Civ.R. 53(E)(3)(b) below. In addition, he failed to submit any kind of record to this court along with his Brief and Assignments of Error, and, accordingly, deprived this court of a meaningful opportunity to review the magistrate's decision. Finally, we held that, since Linetsky failed to cite any legal authority to support his contentions on appeal, that this court had no obligation to entertain the appeal pursuant to App.R. 16(A)(7).
[3] Demsey v. Chicago Title Ins. Co. (1985), 20 Ohio App.3d 90,484 N.E.2d 1064: Majnaric v. Majnaric (1975), 46 Ohio App.2d 157,347 N.E.2d 552.