DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eric Coyne, d/b/a Eric's Maintenance Unlimited, appeals from the judgment of the Medina County Court of Common Pleas dismissing his case for unjust enrichment against Appellee, Gawel Properties, Ltd., and denying Appellant's motion to amend his pleading to conform to the evidence. We affirm.
 {¶ 2} Appellant filed a complaint on March 16, 2001, against Hodge Construction, Inc., Appellee, John Burke as Medina County Treasurer, Valley City Equipment, Inc., and Robertson-Ceco Corp., for breach of contract, unjust enrichment, breach of oral or implied contract, and placement of a mechanic's lien. Only the unjust enrichment and placement of a mechanic's lien claims applied to Appellee. The matter proceeded to trial on January 31, 2003 and March 7, 2003. At the close of Appellant's evidence, the court dismissed Appellee from the case under Civ.R. 41(B)(2). The court also denied Appellant's motion to amend the pleadings to conform to the evidence.[1] Appellant timely appealed the judgment of the trial court and raises one assignment of error.[2]
 ASSIGNMENT OF ERROR
"The court erred in ordering a dismissal of [Appellant's] claim against [Appellee] at the close of [Appellant's] case, and further in a quantum meruit case should conform the pleading to the evidence although quantum meruit by its nature is a contract issue either implied or actual."
 {¶ 3} In Appellant's only assignment of error he alleges two errors below: dismissal of his case against Appellee following the close of his evidence and failure to amend the pleadings to conform to the evidence. Appellant asserts that the evidence offered at trial did show a benefit conferred on Appellee. Appellant also states that the evidence at trial illustrated that an oral contract existed between Appellant and Appellee, and that Appellant should be permitted to amend the pleadings to conform to this oral contract theory supported by evidence at trial.
 A. Quantum Meruit and Unjust Enrichment {¶ 4} This court reviews the trial court's grant of dismissal under Civ.R. 41(B)(2) for an abuse of discretion. O'Bryon v.Poff, 9th Dist. No. 02CA0061, 2003-Ohio-3405, at ¶ 6. An abuse of discretion implies more than an error of judgment, and involves a decision that demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122. An appellate court may not substitute its own judgment for that of the trial court. Id.
 {¶ 5} In order to bring a case for unjust enrichment,[3] Appellant must show (1) that he conferred a benefit on Appellee; (2) that Appellee knew of the benefit; (3) and that Appellee retained the benefit given under circumstances where it would be unjust for him to retain it without payment. See Apostolos Group, Inc. v. Josephson, 9th Dist. No. 20733, 2002-Ohio-753, at ¶ 6-10, citing Hambleton v. R.G. Barry Corp.
(1984), 12 Ohio St.3d 179, 183. Not only must Appellant suffer a loss, but Appellee must have received a gain. See id. In subcontractor cases, the subcontractor has no claim of unjust enrichment against a property owner unless the general contractor in the matter is unavailable for judgment and unable to obtain the money that the subcontractor demands from the property owner.Apostolos at ¶ 5, citing Booher Carpet Sales, Inc. v.Erickson (Oct. 2, 1998), 2nd Dist. No. 98-CA-0007.
 {¶ 6} In this case there is no question that the general contractor is available for judgment. The general contractor remains a party to this suit below. There is no indication on the record that the general contractor has filed for bankruptcy. As such, no claim for unjust enrichment may lie against the property owner at this time because Appellant has an avenue against the general contractor for the funds he claims are still due. We find this part of Appellant's assignment of error to be without merit.
 B. Motion to Amend Pleadings to Conform to the Evidence {¶ 7} Appellant moved below to amend the pleadings to conform to evidence presented at trial of an oral contract between Appellant and Appellee. When issues are not raised in the pleadings, but are tried by the express or implied consent of the parties, Civ.R. 15(B) permits a party to amend the pleadings to conform to the evidence presented even after judgment is rendered.
 {¶ 8} To establish the existence of a contract, Appellant must show that Appellant and Appellee both consented to the terms of the contract, that there was a meeting of the minds between them, and that the terms of the contract were definite and certain. See Mondl v. Mondl, 9th Dist. No. 20570, 2001-Ohio-1878, at 3. Whether an oral contract exists and the terms of that contract are issues for the trier of fact. Id. When reviewing these questions of fact, this court should give "special deference to the fact finder's ability to make credibility assessments[,]" because it is the job of the trial court to resolve disputes of fact and weigh credibility of witnesses. Id.
 {¶ 9} We find, in this case, that the judge did not abuse his discretion in denying Appellant's motion under Civ.R. 15(B). Appellant offered no evidence below supporting the interpretation that Appellant and Appellee had an oral contract with clear and definite terms. The extent of the evidence below only showed that Appellant spoke with Albert Gawel ("Gawel"), the owner of Appellee, and that Gawel "said [Appellee] would take care of anything over the original price." Immediately after Appellant testified about his very brief conversation with Gawel, he referred to the contract Appellant had with another entity, Hodge Construction, which indicated that Appellant would be paid $6 per yard over the original estimate as long as a change order was entered.
 {¶ 10} The flaw with this connection is immediately apparent: Appellant is forcing the definite and clear terms of a contract with a separate entity into the one vague verbal representation he received from an entirely distinct party. Appellant offered no evidence tending to imply that Appellee agreed to pay any specified sum. A general representation that "we [will] take care of [it]" is simply not enough to create a binding oral contract under these circumstances. A court has no guidance in enforcing a contract with such ambiguous terms, and Appellant retains a cause of action for quantum meruit or unjust enrichment in such a case.[4]
 {¶ 11} Because the trial court's entry did not specify the reason for denying Appellant's motion in this regard, we also note that the trial below was a bench trial. Even if the judge felt Appellant offered enough evidence to support an oral contract, he, as the trier of fact, was entitled to weigh the credibility of the evidence before him, and could choose to believe conflicting testimony regarding any oral representations. See State v. Chertkov (July 19, 1995), 9th Dist. No. 2389-M, at 3, quoting Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 12} Appellant's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J. and Carr, J., concur in judgment only.
[1] Appellant claimed that the evidence showed an oral or implied contract between Appellant and Appellee, neither of which Appellant plead against Appellee in his complaint.
[2] The only original Defendant involved in this appeal is Appellee Gawel Properties, Ltd. As to the other Defendants: Appellant voluntarily dismissed Robertson-Ceco Corp.; Defendant Valley City Equipment Inc. filed and won summary judgment on a counterclaim for breach of contract against Appellant; the Medina County Treasurer answered, stating that it has an interest, for unpaid taxes and assessments, on the property on which Appellant wishes to place a mechanic's lien; Hodge Construction Inc. filed a counterclaim against Appellant for breach of contract and mechanic's lien, and all claims between it and Appellant were continued until the current issue between Appellant and Appellee is resolved.
[3] The elements of unjust enrichment and quantum-meruit are identical. Loyer v. Loyer (Aug. 16, 1996), 6th Dist. No. H-95-068; U.S. Health Practices, Inc. v. Blake (Mar. 22, 2001), 10th Dist. No. 00AP-1002.
[4] Of course, as noted above, Appellant in this case retains those remedies only against the general contractor, and not against the property owner, unless the general contractor is bankrupt or otherwise unavailable for judgment.