DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} BFI Waste Systems of Ohio Inc. removed over 1800 tons of contaminated soil for renovation of the Lorain City Jail, but did not get paid for its work. BFI sued the project's general contractor, the project's subcontractor, and the sub-subcontractor that had hired it. BFI claimed it had a contract with the sub-subcontractor; the sub-subcontractor had breached that contract; and the general contractor, the subcontractor, and the sub-subcontractor were all unjustly enriched by its removal of the dirt. The trial court granted summary judgment to the *Page 2 
general contractor and the subcontractor, and BFI obtained a judgment against the sub-subcontractor. This Court affirms the trial court's award of summary judgment to the general contractor and subcontractor, because BFI has not established that there are genuine issues of material fact in dispute regarding whether it is able to recover from the sub-subcontractor, and, therefore, it is not entitled to recover from the general contractor and the subcontractor.
 FACTS {¶ 2} The City of Lorain hired a general contractor to renovate its jail. Completion of the work required removal of up to 2200 tons of contaminated soil. The general contractor contracted with a subcontractor to perform the soil removal. In turn, the subcontractor solicited bids for the work. BFI was one of the companies that submitted a bid, but, because of credit issues, did not enter into a direct contract with the subcontractor.
 {¶ 3} The parties disagree over what company the subcontractor actually hired to remove the soil. BFI has claimed that the subcontractor accepted the bid of a sub-subcontractor that, in turn, hired it. BFI has also claimed that the sub-subcontractor received partial payment from the subcontractor for its work. The subcontractor, however, has claimed that it rejected the sub-subcontractor's bid and that the sub-subcontractor then authorized it to negotiate with a company affiliated with one of the sub-subcontractor's employees. The subcontractor has further claimed that it submitted a purchase order to that other company and that it *Page 3 
paid that company's invoices for the soil removal. The subcontractor has admitted that it hired the sub-subcontractor to perform other work for it, but not the soil removal.
 {¶ 4} BFI sued the sub-subcontractor for breach of contract and sued the general contractor, the subcontractor, and the sub-subcontractor for unjust enrichment. The general contractor and subcontractor moved for summary judgment, and the trial court granted their motions. The trial court determined that BFI's claim against the general contractor failed because it paid the subcontractor for the soil removal and because the sub-subcontractor was available to satisfy BFI's claim. It determined that BFI's claim against the subcontractor failed because BFI could not satisfy the elements of unjust enrichment. BFI subsequently obtained a judgment against the sub-subcontractor for its damages, but it has appealed the trial court's award of summary judgment to the general contractor and subcontractor.
 SUMMARY JUDGMENT {¶ 5} BFI has assigned six errors, each addressed to whether the trial court incorrectly granted the general contractor and the subcontractor summary judgment on its unjust enrichment claims. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of *Page 4 
material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co.,66 Ohio App. 3d 826, 829 (1990).
 UNJUST ENRICHMENT {¶ 6} "The doctrine of unjust enrichment is that a person will not be allowed to profit or enrich himself inequitably at another's expense. . . . As ordinarily defined, the concept of unjust enrichment includes not only loss on one side but gain on the other, with a tie of causation between them." Lampshader Inc. v. Crane Constr., 9th Dist. No. 94CA006010, 1995 WL 688794 at *2 (Nov. 22, 1995) (quoting FairfieldReady Mix v. Walnut Hills Assocs. Ltd., 60 Ohio App. 3d 1, 3 (1988)). To recover for unjust enrichment, a plaintiff must demonstrate: (1) that it conferred a benefit upon the defendant; (2) that the defendant knew of the benefit; and (3) that, under the circumstances, it would be unjust to allow the defendant to retain the benefit without payment.Hambleton v. R.G. Barry Corp., 12 Ohio St. 3d 179, 183 (1984) (citingHummel v. Hummel, 133 Ohio St. 520, 525 (1938)).
 {¶ 7} Before a subcontractor can pursue an unjust enrichment claim against a property owner, it must establish that the general contractor is "unavailable for judgment and unable to pursue the owner for the money that the subcontractor is seeking." Booher Carpet Sales Inc. v.Erickson, 2d Dist. No. 98-CA-0007, 1998 WL 677159 at *7 (Oct. 2, 1998). "[A]n unjust enrichment claim will not lie where the possibility exists that either the subcontractor could make a *Page 5 
double recovery or the homeowner could pay twice for the same performance." Id.
 {¶ 8} BFI has argued that Booher only applies to unjust enrichment claims against property owners in home construction cases. It has asserted that the court in Booher was guided, in part, by a statutory provision on mechanic's liens, known as the "Home Owner's Amendment."Id. at *8 (noting that Section 1311.011(B) of the Ohio Revised Code protects a homeowner from having to pay both a general contractor-builder and a subcontractor for the same services). Because this case involves the construction of a government building and does not involve any claims against the property owner, BFI has argued that it must only satisfy the traditional three-part test to prove its unjust enrichment claims.
 {¶ 9} The same equitable principles that require the general contractor to be unavailable for judgment and unable to pursue a claim against the owner in homeowner cases are equally applicable to this case. Parties should not be able to recover, or be required to pay, twice for the same performance. BFI has not established that there are any material differences between cases in which a property owner hires a general contractor that hires a subcontractor, and those in which a general contractor hires a subcontractor that hires a sub-subcontractor. The trial court did not err by applying these principles to BFI's unjust enrichment claims. *Page 6 
 {¶ 10} BFI has argued that Booher does not apply to its claim against the subcontractor because the subcontractor, allegedly, paid the wrong company for the soil removal. BFI has further argued thatBooher does not apply to its claim against the general contractor because, although the general contractor knew BFI had removed the soil, it allowed the subcontractor to pay the wrong company for BFI's work.
 {¶ 11} At most, the general contractor's and subcontractor's actions could cause the sub-subcontractor to be unable to pursue those companies for the money BFI is seeking. This may provide justification for requiring the general contractor and subcontractor to pay again for the work. BFI, however, has still failed to raise a genuine issue of material fact regarding whether the sub-subcontractor is unavailable for judgment. Even if it is equitable, under the circumstances, to require the general contractor and subcontractor to pay again, BFI's unjust enrichment claims against the general contractor and subcontractor could lead to a double recovery for BFI. See Coyne v. Hodge Constr. Inc., 9th Dist. No. 03CA0061-M, 2004-Ohio-727, at ¶ 6 (concluding subcontractor could not recover against property owner because there was no question that the general contractor remained a party to the suit and had not filed for bankruptcy). The trial court did, in fact, enter judgment for BFI against the sub-subcontractor. Accordingly, the trial court did not err when it concluded that the general contractor and *Page 7 
subcontractor were entitled to judgment on BFI's unjust enrichment claims as a matter of law. BFI's assignments of error are overruled.
 CONCLUSION {¶ 12} BFI may not recover from the project's general contractor and subcontractor for unjust enrichment because it failed to establish that the sub-subcontractor it signed a contract with is unavailable for judgment. BFI's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 8 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. MOORE, J. CONCUR *Page 1