[Cite as *In re G.C.*, 2021-Ohio-2442.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

IN RE G.C.

[Appeal by Father, J.V.C.]

No. 109969

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** July 15, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU16101851

***Appearances:***

Hans C. Kuenzi, Co., L.P.A. and Hans C. Kuenzi, *for appellant.*

S.Y.C., *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant, J.V.C. ("Father"), appeals from the trial court's denial of his motion for relief from judgment.[1] For the reasons that follow, we vacate

---

[1] On May 15, 2020, Mother filed an appeal for each child to the juvenile court's April 13, 2020 order, 8th Dist. Cuyahoga Nos. 109747 and 109748, which have been consolidated for review. On May 20, 2020, Father filed his appeals for each child to the juvenile court's April 13, 2020 order, 8th Dist. Cuyahoga Nos. 109745 and 109746, which have also been consolidated for review. On September 22, 2020, Father then filed an appeal to a subsequent juvenile court order, which is the basis of this appeal.

the trial court's judgment because the pending appeals divested the trial court of jurisdiction to rule on any motion in this case.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} This appeal is the latest in a series of appeals by J.V.C. ("Father") and S.Y.C. ("Mother") regarding their two minor children: J.C. (d.o.b. 1/18/06) and G.C. (d.o.b. 12/11/08). A December 22, 2009 order of the Lake County Juvenile Court designated Father as residential parent and legal custodian of the children and provided that Mother would have a modified standard visitation schedule. She was also ordered to pay child support to Father. On September 6, 2013, the juvenile court awarded Mother equal visitation with the children on an alternate weekly basis and issued a revised child support order.

{¶ 3} On October 16, 2015, Mother filed motions to waive and/or recalculate child support and to share federal tax credits. On January 12, 2016, while the motions were pending, the Lake County Juvenile Court transferred all proceedings to the Cuyahoga County Juvenile Court. In August 2016, Mother refiled her motions and Cuyahoga County Juvenile Court held a hearing on Mother's motions on December 5, 2018.

{¶ 4} On April 13, 2020, the trial court issued its written judgments regarding the motions and the court ordered that Mother's motions to recalculate/modify child support and to share the federal tax credits were granted, and that effective December 5, 2018, Mother's child support obligation was reduced to $0. The trial court further ordered that within 30 days of the date of its order,

Father was to repay Mother the overpayment of child support, in the amount of $11,742.00 per child, which had accrued between October 16, 2015, and December 4, 2018. Father was also ordered to repay Mother any overpayment of child support he had received from her after December 5, 2018.

{¶ 5} On May 15, 2020, Mother filed her notice of appeal from the trial court's April 13, 2020 judgment entry. On May 18, 2020, Father filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), which is the basis of the instant appeal. Then, on May 20, 2020, Father filed his own notice of appeal from the trial court's April 13, 2020 judgment entry. On June 1, 2020, Mother filed her response to Father's motion for relief from judgment.

{¶ 6} On August 24, 2020, the trial court denied Father's motion for relief from judgment noting that: "following the Court's filing of its decision and judgment entry, an appeal was filed and remains pending. Upon due consideration, it is ordered that the Motion for Relief from Judgment is denied." On September 22, 2020, Father filed a notice of appeal from the trial court's August 24, 2020 judgment entry denying his motion for relief from judgment.

{¶ 7} This appeal follows. Father raises the following two assignments of error:

> I. Whether the trial court erred in failing to conduct hearing upon Father's Motion for Relief from Judgment.

> II. Whether the trial court erred in failing to grant Father's Motion for Relief from Judgment.

## LAW AND ANALYSIS

{¶ 8} Before Father's assignments of error can be considered, this court must assess whether Father's appeal from the juvenile court's August 24, 2020 judgment is ripe for review.

{¶ 9} "The Ohio Supreme Court has held that once an appeal is filed, the trial court is divested of its jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." *State v. Spisak*, 8th Dist. Cuyahoga No. 67229, 1995 Ohio App. LEXIS 1567, 9 (Apr. 13, 1995), citing *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.*, 63 Ohio St.3d 179, 181, 586 N.E.2d 105 (1992). Similarly, "[t]his court has repeatedly held that a trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ.R. 60(B) motion is null and void." *Kornick v. Zomparelli*, 8th Dist. Cuyahoga Nos. 53599 and 53875, 1988 Ohio App. LEXIS 896, 3 (Mar. 17, 1988), citing *Vavrina v. Greczanik*, 40 Ohio App. 2d 129, 318 N.E.2d 408 (8th Dist.1974), *Reese v. Proppe*, 3 Ohio App.3d 103, 443 N.E.2d 992 (8th Dist.1981), *Dempsey v. Chicago Title Ins. Co.*, 20 Ohio App.3d 90, 484 N.E.2d 1064 (8th Dist.1985).

{¶ 10} Where the trial court enters an order without jurisdiction, its order is void and a nullity. *State v. Abboud*, 8th Dist. Cuyahoga Nos. 87660 and 88078, 2006-Ohio-6587, ¶ 13, citing *State v. Taogaga*, 8th Dist. Cuyahoga No. 79845, 2002-Ohio-5062, ¶ 18. "It is axiomatic that plaintiffs cannot appeal from a void judgment." *City Friends v. Kuhlman*, 8th Dist. Cuyahoga No. 61414, 1991 Ohio App.

LEXIS 4988, 4 (Oct. 17, 1991). Because no appeal lies from a void judgment, an appeal based on a void judgment is properly dismissed. *Kornick v. Zomparelli*, 8th Dist. Cuyahoga Nos. 53599 and 53875, 1988 Ohio App. LEXIS 896, 3 (Mar. 17, 1988).

{¶ 11} Accordingly, when Mother filed her notice of appeal on May 15, 2020, the juvenile court was divested of jurisdiction to consider Father's Civ.R. 60(B) motion filed on May 18, 2020. Because the court did not have jurisdiction to rule on Father's motion for relief from judgment, its subsequent ruling on August 24, 2020, the basis of this appeal, is null and void. *Abboud* at ¶ 13 and 21.

{¶ 12} The trial court's void judgment is vacated, and the case is remanded to the juvenile court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR