[Cite as *VMI Group, Inc. v. Capstone Constr. Co., L.L.C.*, 2023-Ohio-3882.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

COMPANY, INC., ET AL.,    :

  Plaintiffs-Appellants/  :
  Cross-Appellees,

           :    No. 112539

  v.

           :

CAPSTONE CONSTRUCTION
COMPANY, LLC, ET AL.,    :

  Defendants-Appellees/  :
  Cross-Appellants.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART;
      AND REMANDED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-19-916265 and CV-19-925091

---

### *Appearances:*

FRANTZ WARD LLP, Melissa A. Jones, and Mark L. Rodio, *for appellant* VMI Group, Inc.

DINN, HOCHMAN & POTTER, LLC, and Steven B. Potter, *for appellee* Progressive Broadview Heights Real Estate, LLC.

BROUSE MCDOWELL LPA, James T. Dixon, Tyler B. Schlimme, and Teresa G. Santin, *for appellee* New Wembley, LLC dba the Wembley Club.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant VMI Group, Inc. ("VMI"), challenges the decision of the Cuyahoga County Court of Common Pleas finding that defendant Capstone Construction Company, LLC ("Capstone"), was available for judgment and consequently dismissing VMI's unjust enrichment claims against appellee/cross-appellant Progressive Broadview Heights Real Estate ("Progressive") and appellee New Wembley, LLC dba the Wembley Club ("New Wembley").

{¶ 2} Progressive filed a cross-appeal asserting that the trial court erred in failing to allow it the opportunity to object or seek modification to the magistrate's decision and in failing to grant Progressive relief from judgment under Civ.R. 60(B)(1) or (5).

{¶ 3} After a thorough review of the applicable law and facts, we reverse in part, affirm in part, and remand this matter to the trial court for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 4} This matter involves two different construction projects and a number of parties with competing claims, counterclaims, and cross-claims, many of which were resolved prior to trial. Because the underlying facts of this matter are not in dispute, and in the interest of clarity, we will confine our recitation of the facts to only those relevant to the narrow issues in this appeal.

{¶ 5} In May 2016, Progressive, as owner of certain real property, entered into a contract with Capstone, as general contractor, to build a skilled nursing facility

in Broadview Heights, Ohio ("Progressive Project"). Capstone contracted with VMI (among a number of other subcontractors) for VMI to provide concrete work for the project.

{¶ 6} In August 2016, New Wembley contracted with Capstone for Capstone to serve as prime contractor for construction of a tennis club facility ("New Wembley Project"). Capstone again subcontracted with VMI, among numerous other subcontractors, for certain services on the project.

{¶ 7} VMI completed its work on both projects, but did not receive the agreed-upon payment. VMI then commenced suit for breach of contract against Capstone and asserted an unjust-enrichment claim against Progressive for the Progressive Project. In addition, VMI sued Capstone for breach of contract relating to the New Wembley Project and also asserted an unjust-enrichment claim against New Wembley.

{¶ 8} A bench trial was held before a magistrate. VMI argued at trial that Capstone was not "available for judgment" because it was no longer operational and that its net worth had been determined to be $0.00 in the bankruptcy proceeding of one of its owners.

{¶ 9} The magistrate issued a decision finding that Capstone was available for judgment since it had not filed for bankruptcy, had remained a party to this lawsuit, and had pursued Progressive for the same money that VMI was seeking on its unjust-enrichment claim.

{¶ 10} The magistrate awarded VMI over $200,000 in damages against Capstone. The magistrate dismissed VMI's unjust-enrichment claims against Progressive and New Wembley.

{¶ 11} The magistrate also issued a decision finding in favor of Progressive on its counterclaim against Capstone and awarded over $1.7 million in damages. The magistrate denied Capstone's claims against subcontractors, finding that these claims had been resolved by Progressive and dismissed with prejudice.

{¶ 12} VMI and Capstone each filed objections to the magistrate's decisions, which were overruled by the trial court. Progressive asserts that it was not served with the magistrate's decisions or VMI's objections and Capstone's objections and filed a motion for leave to file a response to VMI's objections. The trial court held the motion in abeyance pending the resolution of VMI's appeal.

{¶ 13} VMI appealed the court's order overruling the objections, but the appeal was dismissed for lack of a final appealable order because there were still pending claims.

{¶ 14} On remand, the trial court entered an order requiring certain parties to submit either notices of dismissal, if their claims had been resolved, or notices of intent to proceed, if their claims were still pending. Progressive maintains that it was not served with this order.

{¶ 15} The trial court then issued a nunc pro tunc entry, adding Civ.R. 54(B) language to its journal entry adopting the magistrate's decision and overruling VMI's objections and Capstone's objections. With regard to VMI's objection about

the magistrate's finding that Capstone was available for judgment, the court stated

as follows:

> The Court overrules VMI's Objection concerning the dismissal of its unjust enrichment claims against Progressive and New Wembley. The Magistrate properly determined that Capstone, the general contractor for the projects at properties owned by Progressive and New Wembley, was available for judgment. A subcontractor must prove that a general contractor is unavailable for judgment before pursuing a property owner for amounts owed to the subcontractor through an unjust enrichment claim. *Booher Carpet Sales, Inc. v. Erickson*, 2nd Dist. App. No. 98-CA-0007, 1998 Ohio App. LEXIS 4643 (Oct. 2, 1998). Further, courts at both the state and federal level in Ohio have held that where a case record does not indicate that a general contractor has filed for bankruptcy and remains a party to a case involving an unjust enrichment claim against the owner of a property, the general contractor is available for judgment and the unjust enrichment claim against the property owner cannot stand. *Coyne v. Hodge Construction, Inc.,* 9th Dist. App. No. 02CA0061-M, 2004-Ohio-727 (Feb. 18, 2004); *Carter-Jones Lumber Company v. Oro RB SPE Owner, LLC,* S.D.Ohio Nos. 19-cv-5087 and 20-cv-04894, 2021 U.S. Dist. LEXIS 117835.
>
> In relation to the Progressive project, the Magistrate determined that Capstone was available for judgment as: (1) Capstone actively participated in the instant action; (2) Capstone was pursuing Progressive for the same funds that VMI sought in its unjust enrichment claim against Progressive; and, (3) no evidence of a bankruptcy filing by Capstone had been submitted. Further, as concerns the New Wembley project, the Magistrate determined that Capstone remained available for judgment as Capstone actively participated in litigating the issues in this case and as no evidence of a bankruptcy filing by Capstone had been submitted. The Court finds unpersuasive VMI's assertion that Capstone was unavailable for judgment. Capstone's active participation throughout the history of this case, its pursuit of damages from Progressive, and the lack of any evidence of a bankruptcy filing on its behalf establish that Capstone remains an on-going concern that remains available for judgment. The Court finds that the Magistrate properly determined that Capstone remained available for judgment and, further, that VMI's unjust enrichment claims against Progressive and New Wembley should be dismissed.

{¶ 16} Progressive then filed a motion for reconsideration/motion for relief from judgment. The following day, VMI filed the instant appeal, raising one assignment of error for our review:

> The trial court erred in finding Capstone to be available for judgment and subsequently dismissing VMI's unjust enrichment claims against Progressive and New Wembley.

{¶ 17} The docket reflects that the court held Progressive's motion for reconsideration/motion for relief from judgment in abeyance.

{¶ 18} Progressive cross-appealed, raising three cross-assignments of error for our review:

> 1. The trial court failed to provide Progressive the opportunity to object to or seek modification of the magistrate's decisions since the clerk never served Progressive or its counsel with a copy of the magistrate's decisions as required by Civ.R. 53(D)(5).

> 2. The trial court erred by failing to provide Progressive the opportunity to object or seek modification of the magistrate's decision upon remand.

> 3. The failure to grant relief from judgment under Civ.R. 60(B)(1) or Civ.R. 60(B)(5) also constitutes error.

## II. Law and Analysis

{¶ 19} We will begin with VMI's appeal. In its sole assignment of error, VMI argues that the trial court erred in finding that Capstone was available for judgment and consequently dismissing VMI's unjust-enrichment claims against Progressive and New Wembley. VMI contends that this determination was against the manifest weight of the evidence.

{¶ 20} In an appeal from a civil bench trial, this court generally reviews the trial court's judgment under a manifest weight standard of review. *Huntington Natl. Bank v. Slodov*, 8th Dist. Cuyahoga No. 110113, 2021-Ohio-2932, ¶ 47. In assessing whether a verdict in a civil bench trial is against the manifest weight of the evidence, we examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the verdict must be overturned and a new trial ordered. *Sonis v. Rasner*, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 53 (8th Dist.), citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "[A] reviewing court will generally uphold a trial court's judgment as long as the manifest weight of the evidence supports it — that is, as long as 'some' competent and credible evidence supports it." *Patel v. Strategic Group, L.L.C.,* 2020-Ohio-4990, 161 N.E.3d 42, ¶ 20 (8th Dist.), quoting *MRI Software, L.L.C. v. W. Oaks Mall FL, L.L.C.,* 2018-Ohio-2190, 116 N.E.3d 694, ¶ 12 (8th Dist.).

{¶ 21} "'[W]hen a subcontractor is not paid by the contractor and the owner has not paid the contractor for some aspect of the job at issue, the subcontractor can look to the owner for payment under a theory of unjust enrichment' for the funds or value retained under the unsatisfied contract price." *Sterling Contracting, LLC v. Main Event Entertainment, LP*, 8th Dist. Cuyahoga No. 110965, 2022-Ohio-2138, ¶ 16, quoting *Moosehead Harvesting, Inc. v. Eureka Midstream, LLC*, 7th Dist. Monroe No. 18 MO 0015, 2019-Ohio-3961, ¶ 13, citing *Meridien Marketing Group,*

*Inc. v. J&E Bldg. Group, Inc.*, 2d Dist. Miami No. 2011-CA-02, 2011-Ohio-4872, ¶ 30, *Ross-Co Redi Mix Co. v. Steveco, Inc.*, 4th Dist. Pickaway No. 95CA3, 1996 Ohio App. LEXIS 437 (Feb. 6, 1996), and *Brower Prods., Inc. v. Musilli*, 2d Dist. Miami Nos. 98 CA 58 and 98 CA 59, 1999 Ohio App. LEXIS 2283 (May 21, 1999).

{¶ 22} However, before a subcontractor may pursue an unjust-enrichment claim against an owner, it must be established that the general contractor is """"unavailable for judgment *and* unable to pursue the owner for the money that the subcontractor is seeking."""" *Sterling* at ¶ 16, quoting *BFI Waste Sys. of Ohio v. Professional Constr. & Safety Servs.*, 9th Dist. Lorain No. 06CA008972, 2008-Ohio-1450, ¶ 7, quoting *Booher Carpet Sales*, 2d Dist. Greene No. 98-CA-0007, 1998 Ohio App. LEXIS 4643, at 17. An unjust-enrichment claim is not viable when the possibility exists that either the subcontractor could make a double recovery or that the owner could pay twice for the same performance. *Sterling* at *id.,* citing *Booher* at *id.*

{¶ 23} With regard to the issue of Capstone's availability for judgment, the trial court noted in its decision that (1) Capstone and VMI were both attempting to recover the same amounts from Progressive; (2) Capstone had not filed for bankruptcy; and (3) Capstone had defended against the claims in the case and asserted affirmative claims on its behalf.

{¶ 24} VMI argues that the trial court failed to consider all of the evidence supporting Capstone's insolvency and consequential unavailability for judgment. VMI contends that the trial court focused solely on Capstone's active participation

in the lawsuit and the fact that it had not filed for bankruptcy while failing to consider Capstone's lack of assets, financial struggles, and lack of work.

{¶ 25} In our recent decision in *Sterling*, 8th Dist. Cuyahoga No. 110965, 2022-Ohio-2138, we affirmed the granting of summary judgment on a subcontractor's unjust-enrichment claim against a project owner where the contractor was determined to be available for judgment. VMI urges us to distinguish this matter from *Sterling* because it argues that there was additional evidence regarding Capstone's financial situation presented to the trial court that demonstrated Capstone's unavailability for judgment and that similar evidence was not presented in *Sterling*.

{¶ 26} Progressive argues that the trial court properly found that Capstone was available for judgment because Capstone vigorously participated in the case, defending against both VMI's and Progressive's claims and asserting its own affirmative claims. In addition, Capstone filed a post-trial brief, proposed findings of fact and conclusions of law, and objections to the magistrate's decisions. Progressive further notes that Capstone did not file for bankruptcy protection or seek to dissolve the LLC, and neither VMI nor Progressive's claims against Capstone have been distinguished in any bankruptcy proceeding. Finally, Progressive contends that findings from the personal bankruptcy action of one of Capstone's owners regarding Capstone's value cannot be used to establish Capstone's unavailability.

{¶ 27} New Wembley contends that the trial court did not err in finding Capstone to be available for judgment and dismissing VMI's unjust-enrichment claims. New Wembley asserts that VMI failed to demonstrate that there was no possibility of double recovery or that Capstone was unable to pursue New Wembley itself for the damages that VMI was seeking.

{¶ 28} We agree with VMI that *Sterling* is distinguishable from the instant matter. In particular, the contractor in *Sterling* not only pursued a claim against the subcontractor but obtained a judgment for the full value of the claim. Because this judgment had not been extinguished in any way, this court determined that it could not be concluded that no possibility would exist of a double recovery for the subcontractor.

{¶ 29} In the instant matter, on the other hand, Capstone did not recover on any of its claims. While the trial court correctly found that there was no evidence that Capstone had filed bankruptcy, this does not end the inquiry into Capstone's availability for judgment. Uncontradicted testimony was presented at trial that Capstone had no work, no offices, no assets, no employees, and was not conducting any business. The president and an owner of Capstone, Timothy Steffen ("Steffen"), further testified that if judgment were to be rendered against Capstone in this matter, it would be unable to pay *any* portion of the judgment. VMI presented certified copies of documents filed in Steffen's personal bankruptcy case. One of these documents showed the bankruptcy trustee's determination that the value of Capstone was zero.

{¶ 30} As noted by the Second District, "evidence that a party has filed for bankruptcy is merely some evidence that the party is insolvent." *Meridien*, 2d Dist. Miami No. 2011-CA-02, 2011-Ohio-4872, at ¶ 25, citing *Coyne*, 9th Dist. Medina No. 03CA0061-M, 2004-Ohio-727, at ¶ 6. Evidence of a bankruptcy filing is not conclusive of nor is it necessary to find that a contractor is unavailable for judgment. *Meridien* at *id*.

{¶ 31} Thus, in the instant matter, there was sufficient evidence to demonstrate that Capstone is insolvent. While Capstone did appear in this case to defend against the claims and assert its own affirmative claims, it ultimately failed to recover on its claims and had judgments granted against it totaling nearly two million dollars. There will be no possibility of double recovery for VMI because at the conclusion of this matter, all of the issues will be fully resolved and res judicata will apply to bar further recovery or payment among the parties. While Wembley asserted at oral argument that it had already paid Capstone and therefore has not been unjustly enriched by VMI, this issue is not before us. VMI's unjust-enrichment claim was dismissed solely because the trial court determined that Capstone was available for judgment. The merits of VMI's unjust-enrichment claims have not yet been considered by the trial court.

{¶ 32} Accordingly, we find that the trial court erred in determining that Capstone was available for judgment and consequently dismissing VMI's unjust-enrichment claims against Progressive and New Wembley solely on that basis. On

remand, the trial court is instructed to consider the merits of VMI's unjust-enrichment claims.

{¶ 33} We now turn to Progressive's cross-appeal. Progressive's first two cross-assignments of error are interrelated and will be discussed together. In its first cross-assignment of error, Progressive argues that the trial court erred by failing to provide Progressive the opportunity to object to or seek modification of the magistrate's decisions since the clerk never served Progressive or its counsel with a copy of the magistrate's decisions as required by Civ.R. 53(D)(5). In reviewing this cross-assigned error, we cannot find any action by the trial court that would constitute error. Progressive asserts that the clerk's office failed to serve it or his counsel with the magistrate's decision and that he also was not served with VMI's objections. Neither of these issues can be attributed to the trial court, and Progressive's first cross-assignment of error is overruled.

{¶ 34} Progressive's second cross-assignment of error argues that the trial court erred by failing to provide Progressive the opportunity to object or seek modification of the magistrate's decision upon remand. We note that after VMI and Capstone had filed their objections to the magistrate's decisions, Progressive moved for leave to file a response to VMI's objections to the magistrate's decision. The trial court entered an order holding that the motion to leave would be held in abeyance pending the outcome of VMI's appeal.

{¶ 35} However, VMI's initial appeal was dismissed after this court determined that there were still pending claims. On remand, the trial court

attempted to sort out which claims had been resolved and which remained pending. It did not address Progressive's motion for leave at this time.

{¶ 36} The trial court's order holding Progressive's motion for leave in abeyance until after VMI's appeal was resolved was therefore still in effect. VMI's appeal had not been resolved when it had simply been dismissed by this court due to the lack of a final appealable order. After the present appeal is resolved and this matter is remanded to the trial court, Progressive's motion for leave can be considered. Progressive's second cross-assignment of error is overruled.

{¶ 37} In its third cross-assignment of error, Progressive argues that the trial court erred in failing to grant it relief from judgment under Civ.R. 60(B)(1) or (B)(5).

{¶ 38} The record reflects that Progressive filed its motion for reconsideration/motion for relief from judgment one day before VMI filed its notice of appeal. "'The Ohio Supreme Court has held that once an appeal is filed, the trial court is divested of its jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.'" *In re G.C.*, 8th Dist. Cuyahoga No. 109969, 2021-Ohio-2442, ¶ 9, quoting *State v. Spisak*, 8th Dist. Cuyahoga No. 67229, 1995 Ohio App. LEXIS 1567, 9 (Apr. 13, 1995), citing *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.*, 63 Ohio St.3d 179, 181, 586 N.E.2d 105 (1992). In addition, this court has repeatedly held that a trial court lacks jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon such a motion is null and void. *Kornick v. Zomparelli*, 8th Dist. Cuyahoga Nos. 53599 and 53875, 1988 Ohio App. LEXIS 896, 3 (Mar. 17, 1988), citing *Vavrina v. Greczanik*,

40 Ohio App.2d 129, 318 N.E.2d 408 (8th Dist.1974); *Reese v. Proppe*, 3 Ohio App.3d 103, 443 N.E.2d 992 (8th Dist.1981); *Dempsey v. Chicago Title Ins. Co.*, 20 Ohio App.3d 90, 484 N.E.2d 1064 (8th Dist.1985).

{¶ 39} Because the trial court was divested of jurisdiction following VMI's notice of appeal, it did not rule upon the motion for reconsideration/motion for relief from judgment, nor could it have done so. Accordingly, we find that no error has occurred and overrule Progressive's third cross-assignment of error.

### III. Conclusion

{¶ 40} The trial court erred in determining that Capstone was available for judgment and consequently dismissing VMI's unjust-enrichment claims against Progressive and New Wembley. On remand, the trial court is to consider the merits of VMI's unjust-enrichment claims.

{¶ 41} In addition, the trial court did not fail to provide Progressive an opportunity to object or respond to VMI's objections nor did it err in failing to grant Progressive's motion for reconsideration/motion for relief from judgment when it was without jurisdiction to consider such a motion.

{¶ 42} Judgment affirmed in part, reversed in part, and remanded to the trial court.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR